## SUPREME COURT.

### HARRIS agt. BENNETT.

Where a plaintiff, after suit brought, transfers his interest, the assignee should not be allowed to be substituted as plaintiff where the object principally is to make the original plaintiff a witness.

Under § 121 the court possess a discretionary power in such cases.

*New York Special Term, Nov.* 1851. *Motion by assignee to be substituted as plaintiff, and for leave to continue suit in his name.* After this action was commenced the plaintiff assigned his interest in the claim to his brother, who assigned it to Mr. Clarke, brother of the plaintiff's attorney.

Subsequently a report of referees, after a long contest, was made in favor of the plaintiff, but was set aside on account of the admission of improper evidence.

—— ——, *for Motion.*

—— ——, *Opposed.*

MITCHELL, Justice.—The assignee now moves to be made plaintiff in the suit, and that the suit may be continued in his name. It sufficiently appears that the plaintiff is insolvent, and that the assignee is better security for costs than the plaintiff.

But the defendant alleges, and the plaintiff's attorney substantially admits that the object of the motion is to make the plaintiff a witness, and so sustain a case which it was difficult for the plaintiff to make out before. Such an object ought not to be favored; if it were, every plaintiff when he found his case could not be otherwise sustained, thus make himself a witness.

The Code, § 121, directs that in case of a transfer of interest (otherwise than by marriage, death or disability of the party), the action *shall* be continued in the name of the original party. This is imperative and allows no change; but it adds the court *may* allow the person to whom the transfer is made, to be substituted. This last is permissive only, and gives a discretion to the court which is intended to be exercised only as the ends of justice may require.

It would not be just to allow it absolutely in this case; the plaintiff would make out his whole case, and the defendant might know nothing about it.

The motion can be granted only on condition that it be stipulated that the present plaintiff shall not be examined as a witness. On that stipulation it may be granted. The costs are to abide the event.