## SKEWS *v.* DUNN.

AN APPEAL FROM THE JUSTICE'S COURT TO THE DISTRICT COURTS ENTITLES the appellant to a trial anew upon the same cause of action and pleadings as in the justice's court, and he is liable to be confronted with the same testimony that could have been introduced on the trial before the justice, and no other.

AN UNCONDITIONAL SUBSTITUTION AS PLAINTIFF OF A PERSON WHO IS THE REAL PARTY IN INTEREST, and in whose name the action should originally have been begun, is error, where the effect of such substitution is to deprive the defendant of a substantial right, subjecting him to the ef-

fects of new testimony from the substituted plaintiff, which, without such substitution, he could not be required to meet.

WHERE AN ACTION IS BEGUN BY A PLAINTIFF WHO IS NOT THE PERSON BENEFICIALLY INTERESTED THEREIN, the court can not by an order of substitution continue the action in the name of such real party in interest.

APPEAL from the third district court. The opinion states the facts.

*T. C. Griffitts* and *M. M. Kaighn,* for the appellant.

The court erred in permitting Sarah Skews to be substituted as plaintiff in place of her husband, William Skews. The authority for substitution of parties is found in the second clause of section 16 of the practice act.

The affidavit of William Skews, if true, shows that he was not the real party in interest at the time of the commencement of this action, and not entitled to bring the same : Prac. Act, sec. 4.

The court can not permit a person to be substituted as plaintiff in place of the then plaintiff on the ground that the person substituted was the real party in interest at the commencement of the action: *Dubbers* v. *Goux,* 51 Cal. 153; *Howard* v. *Taylor,* 11 How. Pr. 380; 1 Wait's Pr. 158, 159, and cases there cited; *East River Bank* v. *Cutting,* 1 Bosw. 636.

Section 16 of the practice act contemplates a *bona fide* transfer or change of interest. There has been none in this case. It is not pretended in affidavit of William Skews that the notes were transferred by himself to his wife, and there is no evidence of even an attempted transfer of a judgment. There was in fact no judgment in existence to be assigned. The perfected appeal had vacated and deprived of life and force the judgment rendered by the justice of the peace : Poland Bill, sec. 3, Comp. L. 54.

The substitution was unjust to sureties, who assumed liabilities on appeal in a suit between William Skews and defendant, and not between the wife, Sarah Skews, and defendant. As against the original plaintiff, defendant would have been entitled to judgment for the excess of his counter-claim over plaintiff's demand : Prac. Act, sec. 199.

By a substitution of a third party as plaintiffs he was de-

prived of this substantial right, and on that ground it should have been denied: *Howard* v. *Taylor*, 11 How. Pr. 381.

A party can not be substituted for the purpose of being made a witness. If Mrs. Skews could not testify before her substitution, she ought not to be allowed to testify afterwards; to receive her testimony was error: *Harris* v. *Bennett*, 6 How. Pr. 220; *Howard* v. *Taylor*, 11 Id. 380.

*R. B. Tripp*, for the respondent.

In reply to the first assignment of error, we say: 1. The matter of substitution was discretionary: *Howard* v. *Taylor*, 11 How. Pr. 380. A case they present to the court: *Chickasaw* v. *Pitcher*, 36 Iowa, 593; *McGown* v. *Leavenworth*, 2 E. D. Smith, 24. Here, then, is no pretense that this discretion was abused. This court, therefore, will not interfere.

2. The order did not affect the substantial rights of the defendant, and he can not, therefore, complain: Prac. Act, sec. 188. If he did not have a counter-claim, it would not be pretended he was affected injuriously by the order, for any defense he had against the original would be good against the substituted plaintiff: Prac. Act, sec. 5. Did he have a counter-claim with reference to the court and subject-matter? We say no. The record shows he claimed three hundred dollars and costs. A demand for such an amount is not available as a counter-claim in a justice's court, for he could not bring an action for such an amount: Prac. Act, secs. 530; 507; Comp. L. 54; 23 Cal. 61. If it was not available as a counter-claim in the justice's court, it was not in the district, for the appellate court is limited to the same jurisdiction: *Peacock* v. *Leonard*, 8 Nev. 84; *State* v. *Harding*, 9 Id. 355.

Further, as to the matter of this pretended claim: it was for unliquidated damages; it could not be the subject of counter-claim: 19 Cal. 330. For these reasons, it appearing there is no legal counter-claim, our statement that defendant's substantial rights have not been affected is true.

3. Was this a proper case for substitution? The admitted facts are: The notes were converted into a judgment by William Skews as plaintiff. After this, as a matter of law, the notes had no legal existence as such, having been merged into the judgment.

The defendant then takes an appeal to the district court. Subsequently William Skews assigned this judgment to the present plaintiff. Under section 16 this was a case for substitution; the order was not asked for or obtained because the wife may at one time have owned the notes, but because of the transfer of the judgment.

Appellant seeks to avoid this by assuming there was no judgment to assign. We think he will not be heard to say there was no judgment in the justice's court, for the fact of his getting in and remaining in the district court, is the existence of a valid judgment below; for if during the appeal this judgment, by some process known to the law, be set aside, the appellant must go out of the district court, because he would no longer be an aggrieved party, nor would the court have any jurisdiction. It is true, the trial is a new one in the district court, but that there may be such a trial, it is necessary that there be a judgment below. For all practical and business purposes, except for the trial above, the judgment is not affected by the appeal. The test is this: suppose there is no trial above, but the appeal dismissed, the judgment is as binding and enforceable as that of any other court.

As to the orders being "unjust to sureties," it is only necessary to say appellant is not one of them, and can not therefore complain.

Did the court err in permitting the substituted plaintiff to testify? We think it has been shown that appellant can not complain of this order of substitution. Then she came into the action with a right to prosecute it and testify in her own behalf. Under section 375 of the practice act she is presumed to be competent to testify. It devolves upon appellant to bring her within the exceptions to that section, which they have not done. We deny that there is any admission in the record, that the purpose of the substitution was to qualify her as a witness. It seems there was a statement of this character made, and it was assumed for the purposes of the argument only, but no such fact appears to the court by the record. Further, we have assumed all through the object of the substitution to be the transfer of the judgment, and it was to meet this appellant makes the point that there was no judgment to assign when the appeal was forfeited.

Again, if appellant was to be confined to the position taken in his brief, that William Skews was not the real party in interest, and had no right to bring the suit, this assignment of error would not aid him any, for she would be qualified to testify with or without substitution, for in that case she would not have been a witness for her husband, but for herself; so in either aspect she would have been qualified, but not he.

Twiss, J.:

This action was commenced before a justice of the peace in Salt Lake county.

The complaint, among other things, alleges that the defendant made two promissory notes, each payable to Sarah Skews; that they had been indorsed to the plaintiff, William Skews; that neither of them had been paid, except the sum of twelve dollars and fifty cents upon each.

The answer set up several defenses, a specification of which is not necessary here. Upon trial the justice rendered judgment for the plaintiff for the balance due on the notes. The defendant appealed to the district court, where he was entitled to a trial anew, on the same cause of action and pleadings as in the justice's court, and was liable to be confronted with the same testimony that could have been introduced on the trial before the justice, and no other.

In the district court the former plaintiff, William Skews, joined by his wife, Sarah Skews, moved the court, upon his affidavit, to allow Sarah Skews to be substituted as plaintiff, and that the cause be continued in her name. In the affidavit he says: "The said notes were indorsed to me without consideration; that the said Sarah Skews was and is the owner of said notes, and is really the party beneficially interested in this action; that I have this day transferred the judgment in the court below to her, and now have no beneficial interest whatever in this action, and consent to the substitution and further prosecution of this action in the name of Sarah Skews as plaintiff, and ask that the same may be done."

The court, against the objection of the defendant, allowed the motion, and Sarah Skews was substituted as plaintiff, and the cause continued and prosecuted in her name.

Although William in his affidavit says he has transferred to Sarah the judgment, he also says that she "was and is the owner of said notes, and is really the party beneficially interested in this action."

It is clear from this statement that the judgment obtained by him in the justice's court was not his property; that although in his name, it was the property of his wife; that at the commencement of the suit he had no interest in the cause of action, and acquired none at any time thereafter; therefore she, pending the suit, neither acquired nor succeeded to any interest whatever of her husband; that the cause of action at the time of making the motion was her property, as it was at the commencement of the suit; that the action was not commenced and had not been prosecuted in the name of the real party in interest. See section 4 of the practice act.

The court below erred in substituting her as plaintiff, because at the time of the commencement of the case in the justice's court, as it appears by the affidavit of William Skews, on the motion to substitute, that William was not the real party in interest in the action: *Dubbers* v. *Goux*, 51 Cal. 153; *Eaton et al.* v. *Alger*, 57 Barb. 179; *Killmere* v. *Calvin*, 24 Id. 656.

Assuming that the cause of action, whatever it may have been, at the time the motion was made, whether it was the judgment of the justice or the notes sued upon, was the property of the original plaintiff of record, and was by him duly assigned to Sarah Skews, the court below could rightfully, upon the motion sustained by the affidavit, order her to be substituted in the place of her husband, the original plaintiff, and the action be continued in her name, only upon the condition that it be so done as not to wrong or prejudice the defendant in any right or remedy involved in the action. If such substitution would result in prejudice or injury to any right of the defendant in the case, then it was error, and ought not to have been allowed: *Howard et al.* v. *Taylor*, 11 How. Pr. 380; S. C., 5 Duer, 604. Section 1064 of the compiled laws provides that "a husband shall not be a witness for or against his wife, nor a wife a witness for or against her husband."

The unconditional substitution of Sarah for William Skews

—of the wife for the husband—as plaintiff, permitted Sarah Skews, against the objection of the defendant, to testify as a witness in the case in her behalf.

This would not have been permitted before the substitution; from the record it appears that her testimony was greatly to the prejudice of the defendant. The only reason apparent from the record for desiring the substitution was that the testimony of Sarah Skews might be available on the trial of the case.

In *Harris* v. *Bennett*, 6 How. Pr. 220, the assignee of the cause of action moved to be made plaintiff; upon this motion the court said: "The motion can be granted only on condition that it be stipulated that the present plaintiff can not be examined as a witness; on that stipulation it may be granted." If a third party to whom the plaintiff has assigned his cause of action can be substituted as plaintiff only upon a stipulation that the original plaintiff (who could not be a witness while a party to the suit) can not be examined as a witness, it would seem, with equal force of reason, that a third party (who can not be a witness unless made a party to the suit) can be made plaintiff only upon the stipulation that he shall not be examined as a witness.

The fact that Sarah Skews was the only party beneficially interested in the cause of action does not, as we have seen, remove the objection: *Dubbers* v. *Goux* and *Eaton et al.* v. *Alger, supra.*

The case is reversed, and remanded to the district court.

HUNTER, C. J., and EMERSON, J., concurred.