PERSON v. FIDELITY & CASUALTY CO. et al.

(Circuit Court, W. D. Tennessee, W. D. December 20, 1897.)

No. 3,414.

1. PRACTICE AT LAW—MOTION TO DISMISS.

An action at law may be dismissed on motion when it appears that the original plaintiff had no title to the cause of action, and that the substituted plaintiff is in no sense a successor to or in privity with him, and is wholly independent of him in respect to any legal relations to the matter in controversy.

2. SAME—ACTION BY PRETENDED ADMINISTRATOR—SUBSTITUTION OF PLAINTIFF.

An order was made by a probate court appointing an administrator, but he never qualified, and no letters of administration were issued. He nevertheless commenced an action at law as administrator, but afterwards filed his resignation with the probate court, whereupon another person was appointed, who qualified and received letters of administration. This latter appointment was as an original administrator, and not as administrator de bonis non. This administrator procured an amendment to be made in the action at law substituting him as plaintiff. *Held* that, as the original plaintiff had no title to the cause of action, and the substituted plaintiff was in no sense a successor to or in privity with him,

the amendment was not allowable, even under the liberal provisions of the Tennessee Code, and the action must be dismissed, on motion.

3. SAME—WAIVER BY APPEARANCE.

A fatal defect in the beginning of an action, so that, by the record, it appears that plaintiff has no right to sue defendant on the particular cause of action, is not cured by a general appearance, or by filing a special demurrer not going to the jurisdiction.

### On Motion to Dismiss.

On the 25th of June, 1896, Robert E. Lee, assuming to be the administrator of the estate of P. B. Hudson, brought this suit in the state court, from which it was removed, upon a policy of life and accident insurance granted to the decedent, during the currency of which it is alleged he received fatal injuries. Process issued and was served in due course of law. At the return term of the court allowed an amendment to be made, substituting Solon A. Person as administrator of the decedent. On the same day that the amendment was made the defendant appeared and filed its petition and bond for removal to this court, which order of removal was duly granted. After the case came here there was a demurrer filed, upon the ground that the declaration failed to state a cause of action, which was amended to insert, also, the ground that the plaintiff had not made profert of the letters of administration, nor of the insurance policy, with his declaration. The declaration was amended, making profert of the letters of administration, and, oyer being craved, the plaintiff was directed to file the letters of administration both of Lee and Person. The plaintiff filed the letters of administration of Person, from which it appears that he was appointed administrator on the 31st of July, 1896, more than a month after this suit was brought. They are the letters of an original administrator, and not of an administrator de bonis non. The plaintiff filed no letters of administration granted to the original plaintiff, Robert E. Lee. Defendants file, in support of their motion to dismiss, a transcript of the record of the probate court of Shelby county, from which it appears that Lee, on the 26th of February, 1896, preceding the bringing of this suit, had filed a petition asking to be appointed administrator, and on the same day the order was granted, "upon his entering into bond in the penal sum of twelve thousand dollars, conditioned as required by law, and duly qualifying as such administrator." It does not appear by the transcript that Lee ever qualified by giving bond and taking the necessary oath. But, on the 31st of July, 1896, Lee filed his resignation as administrator, and on the same day the beneficiaries of the estate filed a petition setting up the resignation, and asking to have his appointment vacated and canceled, and that the court appoint S. A. Person as administrator; and thereupon Person was appointed, gave the necessary bond, qualified as required by law, and letters of administration issued to him. The transcript does not show, and it is admitted, that no letters of administration were ever issued to Lee. Various motions have been made here, not necessary now to mention, until the defendants, having secured oyer of the letters of administration, move to dismiss—First, because it appears that no letters were ever issued to Robert E. Lee, both by the absence of the letters and the admissions of counsel in open court; and, secondly, that Person became administrator after the suit was brought. Defendants also move to vacate the order of the state court allowing the substitution of Person as administrator. There is also another ground of the motion, based upon the stipulations of the policy in relation to the time when the suit shall be brought.

Gantt & Patterson and H. C. Harriner, for plaintiff.

Finley & Finley, for defendants.

HAMMOND, J. (after stating the facts). I have not had any doubt that, on the facts disclosed upon this motion, sooner or later, this suit must be dismissed. But I have had very grave doubts whether it could be done, under the strict rules of practice, upon a motion

to dismiss; and I grant the motion now with some misgivings on this point, only because, later on, in some appropriate way for presenting the matter, that result must be inevitable, and because there is no possible way of curing or avoiding the difficulty. The ground for dismissing the suit is that the original plaintiff had no title to the cause of action, and no right to sue. The substituted plaintiff is in no sense the successor of the original plaintiff, in no sense privy to him, can in no way claim through or jointly with him, and stands in every possible sense wholly independent of him and any legal relations to the matter in controversy. It is not the case of one purchasing the thing in litigation pending suit brought, nor taking title pending suit by devolution of law, and in either case entitled to be substituted by amendment as the party plaintiff. But it is the case of one made a party who has no relation to or connection with the original plaintiff, either in estate or otherwise. The one is not privy to the other in blood, in representation, or estate, nor yet in contract,—one or the other, or both together; neither privies in fact nor privies in law. Bouv. Dict. tit. "Privies."

This substituted plaintiff has a right of action on the policies, undoubtedly; but that right of action was acquired subsequent to the bringing of this suit. It did not exist at the time the suit was brought, either in the original plaintiff or himself. It is a curious situation. But, unless you can establish the proposition that an entire stranger to the right of action, and one who is utterly destitute of any interest in the subject-matter of the suit, may issue process and bring an action, this suit cannot be maintained. It is impossible, in my judgment, when such a suit is brought, to give it vitality by substituting as the plaintiff one who, at the time of the bringing of the suit, was equally destitute of any interest in or title to the cause of action, but who has, since the suit was brought, become by operation of law invested with the legal title and the right to sue. How such a condition as this can be cured without the bringing of an entirely new suit by him having the title to the cause of action I cannot see. It presents no possibilities of amendment and supplemental process. There is nothing to amend, and counsel have well illustrated the condition by analogy to that of attempting to ingraft a live twig upon a dead tree. I can very well see how, if by some misprision the name of A. had been inserted in the original process, or declaration, as administrator, when in fact B. was administrator at that time, you may, by amendment, strike out the name of A. and insert the name of B.; but if, at that time, neither A. nor B. was administrator, and neither had a right of action as such, it is not clear how B. could be substituted for A., even though at some time subsequent to the bringing of the suit he had become the owner of the right to sue.

Our Tennessee statute provides:

"No civil suit shall be dismissed for want of necessary parties, or on account of the form of action, or for want of proper averments in the pleadings; but the courts shall have power to change the form of action, strike out or insert in the writ and pleadings the names of either plaintiffs or defendants, so as to have the proper parties before the court, and to allow

all proper averments to be supplied, upon such terms as to continuances as the court in its sound discretion may see proper to impose." Mill. & V. Code. § 3580.

Whether our own statute of amendments (Rev. St. § 954) would permit this court to indulge as broad a power of amendment as above set forth in the state statute, it is not necessary here to inquire, because the amendment involved in this case had been made in the state court before this suit was removed, and, being here by removal, it stands, under our statute, precisely in the same plight and condition that it did there. But, of course, we have here the right to entertain in any proper form a motion to vacate the order of amendment made there, if it was not allowable by law.

The language of the state statute is exceedingly broad, and, in the letter of it, undoubtedly would authorize the amendment to be made that was made. But surely the statute does not mean to allow an absolute stranger to the right to sue to bring a suit, and then allow one who has obtained the right to sue, not from this stranger, nor through or under him, but from an entirely independent source, to be entered as a party by amendment, and have the benefit, as to time and all of the other incidents, of a suit at law so brought. The language of the statute itself is that no civil suit shall be dismissed for want of necessary parties, and the paramount words here are "necessary parties," which implies that some mistake has been made by leaving out some real party having the right to sue. At the time this suit was brought nobody was in existence having the right to sue. The cause of action was in suspense or abeyance by reason of the death of its original holder, and, no administrator having been appointed for the estate, no suit could be brought at that time by anybody until such an appointment was made. Indeed, the Tennessee Code forbids it, if it does not make the bringing of the suit without authority a misdemeanor. Mill. & V. Code, §§ 3041, 5347, 3062, 3063. And one unlawfully assuming to be administrator could not found a cause of action upon which amendments might be grafted. It does not fall within the description of a civil suit dismissed for want of necessary parties, but of one dismissed because the party who brought it had no title whatever, and could acquire none to be transmitted by him to anyone claiming to take his own place by substitution. The mere statement of this proposition is conclusive, to my judgment.

By another section of the Code of Tennessee it is provided:

"At any time before trial, new plaintiffs or defendants may be added to the suit by the plaintiff, upon supplemental process taken out and served, and subject to such terms, in regard to costs, as the court may impose. If at the appearance term, it may be done without cost; if at any subsequent term, on such conditions as the court may prescribe, so as especially to prevent delay." Mill. & V. Code, § 3495.

And:

"In actions for the recovery of property, any person not a party thereto, on showing himself interested in the subject-matter of the suit, may be allowed to appear as defendant therein." Mill. & V. Code, § 3496.

These and the following sections upon substituted parties imply that the suit pending in which these changes are made shall be one

that is capable of prosecution, and of such vitality as to receive these amendments. But the case we have in hand is the simple case of a volunteer, and a stranger, bringing a suit which he has no right to bring, and has been forbidden to bring. Mill. & V. Code, §§ 3041, 3062, 3063. It would be extending the provisions of amendment beyond the ordinary process of law, and perhaps beyond what our constitution has called "due process of law," to allow a suit brought in that manner to serve the purpose of a vehicle for bringing into court, as of that day and date, other parties acquiring the right of action subsequently to the bringing of the suit, and independently, and never in privity with the original plaintiff. No case has been cited on either side which justifies such a practice as that.

It is my judgment, though it is probably unnecessary now to decide that question, that if this suit should go on without objection to the end, and at the trial it should appear that at the time the process was issued the original plaintiff had no title, and the substituted plaintiff had no title derived from or in succession to the original plaintiff, but one wholly independent of him, and acquired after the suit was brought, the court would direct a verdict for the defendant upon the simple ground that the plaintiff had no title at the time the suit was brought. Particularly this would be so in respect of administrators, whose title is one of strict law, and necessarily should be so, upon grounds of a public policy which would forbid strangers to so meddle and intermeddle in the estates of decedents as to be assuming to bring suits for them without authority of law. Mill. & V. Code, §§ 3041, 3062, 3063.

Again, if the facts we now have appearing upon this motion were embodied in a plea in abatement, and established upon that plea, the plea would be allowed, and the suit abated and dismissed. Or, if the facts were set up by a plea in bar to the plaintiff's right to maintain this suit,—not his right to maintain the cause of action set up in this suit, but his right to maintain this particular suit founded on the process issued in this case, which is the foundation of every suit, —the plea would be sustained. Or, possibly, after the profert, and oyer had, the technical practice would require a demurrer to the declaration, now showing on the profert, that there was no administrator to bring the suit, or be substituted as a plaintiff at the time the suit was brought, and hence that no one could then issue process, as the stranger, Lee, had done, or declare, as the substituted plaintiff did. This motion might be treated as such a demurrer. I do not stop to inquire whether the technical method of presenting the defense would be by demurrer, motion to dismiss, plea in abatement, plea in bar, or by waiting until the presentation of the proof, and making objections to the testimony, and asking that a verdict be directed for the defendants; but certainly at some time we would reach the conclusion that the plaintiff could not maintain this cause of action now pending. The defendants have made the objection by motion to dismiss, having first required the plaintiff to make profert of his letters of administration, from which it appears that they were issued to him, and that he qualified, after the original suit was brought. It does not appear, by those letters or by the record, that

he was an administrator de bonis non, or that Lee was an administrator ad colligendum or otherwise, but that he is the original administrator; and, of course, the necessary implication is that there has not been any other administrator within this jurisdiction. Besides, the plaintiff was required by a former order of this court to make profert of, and file, not only his own letters of administration, but those of the original plaintiff. His own are filed, but not those of the original plaintiff, and presumably there were none; and it is admitted by counsel that the original plaintiff was never qualified as administrator, and also there is an affidavit of an agent of defendant to that effect. This fact being thus made to appear, the motion to dismiss is founded upon it.

As before stated, I doubt very much whether this is the proper practice, and the arguments that have been made and the briefs filed do not remove the doubt. In modern code practice, which is not altogether binding on us, the uses of the motion to dismiss have been very much enlarged beyond their common-law use. They are generally made upon the basis of facts appearing in the technical record, though they may be founded on facts supported by affidavit. The ordinary function of the motion at common law is to procure some order or rule of court which is necessary to the progress of the case and does not go to the merits. If the want of jurisdiction appear upon the face of the record, the motion is used to present the question; but, if it depend upon facts aliunde the record, it must be presented by plea, and, when these facts aliunde the record are presented by plea, the case is tried upon the basis of the plea, and not upon a motion to dismiss. That one is not executor or administrator is usually presented by a plea, but that is not precisely the defense that is relied on here. It is rather in the nature of a defense setting up that the process of the court has been abused. Not fraudulently, necessarily; but it is an abuse of the process of the court for a stranger to assume that he is an administrator or executor without authority of law, and bring a suit in that behalf, and afterwards permit his suit to be used to introduce another plaintiff, who had, at the time the suit was brought, no more right than he, but has subsequently acquired it. But, if this be not so, the motion is in the nature of a suggestion to the court that it now appears by the facts in the case that the plaintiff has no right to maintain the action, and that it is not worth while to incur the costs of further proceedings, either by plea in abatement, plea in bar, or trial on the merits. It is necessary that an administrator or executor shall make profert of his letters. 1 Chit. Pl. § 420. And, having craved oyer of these letters, and had them produced, it does appear upon the record that the plaintiff could not maintain the action for the reasons already stated; and I have concluded that a motion to dismiss for that reason is, if not a technically proper method of presenting this defense, a convenient and inexpensive one, and that it would not be error to allow the suit to be dismissed in that mode.

The defendants also move to vacate the order entered by the state court allowing the amendment substituting the administrator, Person, as a plaintiff, instead of Lee, who had assumed to be administrator

when the suit was brought, but was not. It is claimed in support of this motion, and as one of the grounds for it, that the amendment was made to bring in an administrator de bonis non,—which would have been altogether a proper amendment, and authorized by the statutes we have just considered,—but that, in fact, he was not an administrator de bonis non, but an original administrator. But the transcript of the record does not show that the amendment was so made. It is true that the order allowing the amendment states that Lee, the plaintiff, had resigned as administrator; but it does not say that Person, the substituted administrator, was such de bonis non. The language of the orator is:

"In this case Robert E. Lee, administrator, having resigned as such, upon motion of plaintiff's attorney the suit is amended by making Solon A. Person, administrator of the estate of P. B. Hudson, plaintiff."

But, if we are correct in the ruling we have already made in relation to the meaning of the statutes and the inability of the original process in behalf of Lee to sustain a graft of this amendment, it ought to be set aside upon the very fact that he was, in truth, an original administrator, and had no succession to Lee, and, even if the court allowing the amendment proceeded upon the theory that, whether as administrator de bonis non or as an original administrator, he was entitled to the substitution, the case being brought here, we can exercise the same power over the amendment, to vacate it, that the state court could have done. We do not review or reverse that ruling, but we treat it precisely as the state court itself would treat it, upon its being made known that the right to the amendment did not exist. Setting aside that order, for the reason that it was improvidently granted, inasmuch as Lee had, in disobedience of the Code, forbidding him to assume to be administrator, brought the suit contrary to law, would result in ousting the plaintiff from any position in the case, and then the suit could be dismissed, upon a showing that the original plaintiff could not maintain it, or that the suit was here without a plaintiff, and in a condition that none could be substituted for him who had been ousted by the rulings of the court. So we come to the same result upon both of these motions, namely, that the suit should be dismissed.

It remains to consider the contention of the plaintiff that, notwithstanding what has been said, the defendants have waived this objection by their appearance—First, their general appearance in the state court to remove the cause; and, secondly, by that which they have done here in the way of filing a special demurrer not going to the jurisdiction of the court, which demurrer is partly confessed by the plaintiff, and his declaration amended, making profert of the letters of administration. This contention of the plaintiff treats the objection of the defendants to the maintenance of this suit as going merely to irregularities of procedure, which, of course, would be waived by a general appearance; but we need not inquire whether the proceedings that have been had in this case would be a waiver of irregularities, or a waiver of the nonissuance of process supplemental to the amendment, or not, because the objections taken are of a graver character than this. They do not proceed upon the the-

ory that there has been no proper process, but upon the ground that it is shown by the record that the plaintiff has no right to sue the defendant by maintaining this particular cause of action, which it was an impertinence in the original plaintiff to bring, and which he had no right to maintain, and because of that fatal infirmity at the very beginning of the suit, and nothing that has been subsequently done can amend or cure it. If there had been no process at all, the appearance of the defendants would have been good, provided the suit had been well brought in the beginning; that is to say, brought by one having the right to bring such a cause of action, either for himself or for those who might be substituted for him. The original plaintiff had no such right, and it is for this reason that the suit is dismissed, and not because he defectively proceeded in his suit.

Neither does it avail the plaintiff that this motion is substantially the same defense as would be made by a plea of prematurity of suit brought, which is, as ruled in Carter v. Turner, 2 Head, 52, a defense that has to be made by a plea in abatement; and it is argued that, under our system of pleading, such a plea should be filed before any demurrer to the declaration. It is quite true that, in a certain sense, the now rightful administrator of the decedent, and the rightful owner of the cause of action,—the administrator, Person,—may be said to have brought this suit prematurely in the name of another; or, in another sense, the entire stranger, Lee, assuming to be an administrator when he was not, had prematurely brought the suit before letters of administration had been granted to him or any one, or before his qualification as administrator. But, again, this is not the ground of defendants' motion. It is, not that the suits were prematurely brought, but that the suit could not be brought at all, because the particular plaintiff bringing it had no title, and a substituted plaintiff, in a case like this, must have had authority to sue at the time the original suit was brought. In other words, some one must have been administrator at the time process was issued in this case, and, as neither Lee nor Person was administrator, the subsequent granting of letters of administration to Person did not authorize him to maintain an action brought when there was in fact no administrator,—neither himself nor any one of whom he is the successor. It is, therefore, an inability to sue,—an infirmity in the title of the plaintiff,—and not the case of one having the right bringing the suit prematurely.

It cannot, for the purposes we have in hand, be treated as a new suit, or as an original suit by the substituted plaintiff, on the day and as of the date when he was admitted as a party, to which the defendants have voluntarily appeared and waived process. If, to save a statute of limitations, or a contract limitation, it may be so treated, as to which we do not decide, as a foundation for this suit, and for maintaining its progress now and here, it is a quicksand in legal procedure, for the plain reason that the defendant did not voluntarily appear. It was brought in by process, appeared to answer process, and was compelled to take the suit as it was found, amendment, substitution, and all, and the objection is, not that there has been no valid process served upon the company, for that is admitted, and could not be denied, but that it is the process of a stranger to the contract, and

that he should not have begun this suit, and, as to the real party in interest, that he was also a stranger to the contract when the suit was brought and process issued, so that he also could not have then begun it; and the defendant sets up that fact in defense to the original and only process, and it did not and should not be held, under such circumstances, to have voluntarily appeared to a suit begun without process, which they are willing to waive. That would be to falsify the facts of the record and the conduct of the defendant, and to force upon it a waiver never intended, and not to be fairly implied from the contract of the defendant in the record. Waiver is sometimes implied by estoppel against actual intention, but never forced, even in pleading, upon a party where the intention against it is manifested by his conduct and there is no estoppel on the facts. Here, from the beginning of its appearance, the defendant has been endeavoring, by demanding profert and craving oyer, to present the fact on which it relies,—that this suit was brought without right to bring it, and the substitution made without right to make it.

The other ground of the motion to dismiss, predicated of a provision in the policy that legal proceedings for a recovery shall not be brought until after three months from the date of proof at the home office of the company, nor until not less than six months from the date of the death, is not considered nor adjudged in these proceedings, for the reason that, the suit being dismissed upon the ground that the plaintiff has not been properly made a party, and could not maintain it, we have no jurisdiction to determine the question presented by the third paragraph of the motion.

On the whole, the motion must be granted. Ordered accordingly.