PERSON v. FIDELITY & CASUALTY CO.

(Circuit Court of Appeals, Sixth Circuit. March 31, 1899.)

No. 631.

PARTIES—SUBSTITUTION OF PLAINTIFFS.

Under the statute of Tennessee (Shannon's Code, § 4589) which provides that no civil suit shall be dismissed for want of necessary parties, but the court shall have power to strike out or insert in the writ and pleadings the names, either plaintiffs or defendants, so as to have the proper parties before it, a court may substitute as plaintiff, in a suit brought in behalf of an estate, the name of an administrator duly appointed; and the suit will continue, although the original plaintiff, who sued as administrator, had never qualified as such, and not only had no authority to bring the suit, but his doing so was a misdemeanor, under the statute.

In Error to the Circuit Court of the United States for the Western District of Tennessee.

This was an action at law, on certain accident insurance contracts, brought originally in the circuit court of Shelby county, state of Tennessee, by Robert E. Lee, as administrator of the estate of P. P. Hudson, deceased, and afterwards removed by the defendant to the United States circuit court for the Western division of the Western district of Tennessee. January 6, 1896, Hudson died intestate. February 26, 1896, an order was made by the probate court of Shelby county, Tenn., appointing Lee administrator. June 25, 1896, Lee, as such administrator, brought this action. July 31, 1896, Lee tendered his resignation as administrator, which was accepted, and his appointment canceled. The entry of the probate court canceling the appointment recites: "In this cause, it appearing that Robert E. Lee applied to be appointed administrator of P. P. Hudson, deceased, and gave bond as such, but was never qualified, and he has applied by petition, and duly asked to be discharged, and to have the action touching his appointment canceled and set aside, and it appearing to the court that he has received no assets of the estate, the court is pleased to cancel the action touching the appointment of the said Robert E. Lee; and the same is accordingly canceled and set aside, and the bond heretofore executed by said Lee is hereby canceled." And on the same day Person, the plaintiff, was appointed administrator of Hudson, and duly qualified. September 26, 1896, the circuit court of Shelby county, Tenn., substituted Person for Lee as plaintiff in this action; placing upon its journals the following entry: "In this cause Robert E. Lee, administrator, having resigned as such, upon motion of plaintiff's attorney the suit is amended by making Solon A. Person, administrator of the estate of P. P. Hudson, plaintiff." And Person on the same day, as such plaintiff, filed the declaration, and on the same day the defendant removed the cause to the United States court. October 17, 1896, defendant filed in the United States court a transcript of the record in the state court. November 4, 1896, the cause was continued to the next term. November 23, 1896, the defendant filed a demurrer to the declaration, assigning the following causes of demurrer: "(1) It fails to state

that the injuries so received were the direct and necessary result of such travel. (2) The statement that he received, without fault, fatal injuries, from which he died in a few hours thereafter, as averred in the declaration, is no sufficient ground; and these might have been received, under the contract, without any liability whatever to the company thereunder. (3) It does not state how or in what manner the injuries were received. (4) Defendant demurs because plaintiff does not make profert of his letters of administration. (5) Because plaintiff does not make profert of the contract of insurance sued on in the case." The fourth and fifth assignments were added, by way of amendment, December 24, 1896. On the same day (that is, November 23, 1896) by "consent of the parties," "the making up of the pleadings" was postponed for 20 days. December 14, 1896, by "consent of the parties," the time within which the defendant was "required to plead to the declaration" was extended to January 1, 1897. December 24, 1896, the following entry was made: "In this cause, upon motion of defendant, by counsel, and for satisfactory reasons, defendant is permitted to demur as follows, to wit: (1) Defendant demurs because plaintiff does not make profert of his letters of administration, wherefore," etc. "(2) Because plaintiff does not make profert of the contract of insurance sued on in this cause, wherefore," etc.; "and this defendant may do, by adding on the margin the words embraced in this order." April 21, 1897, the cause was continued until the next term. April 23, 1897, the demurrer was heard and sustained, and leave was given the plaintiff to amend his declaration within 10 days. May 18, 1897, the cause was continued until the next term. May 24, 1897, plaintiff was required to file copies of the letters of administration issued to Lee and to himself, within five days. June 4, 1897, plaintiff amended his declaration, the entry upon the journal being: "Comes the plaintiff, leave of the court having first been had and obtained, and amends his declaration in words and figures as follows: 'Plaintiff's letters of administration, and the policy of insurance on which he sues, are here to the court shown.' They are filed as of May 31, 1897, and made part of the declaration; and the same is, by permission of court, entered on the margins of the original declaration." And on the same day the defendant filed a motion to dismiss for the following reasons: "First. The defendant, by counsel, moves the court to set aside and vacate the order of September 26, 1896, amending this suit by making Solon A. Person, administrator of the estate of P. P. Hudson, plaintiff, for the following reasons: (1) Solon A. Person, administrator of P. P. Hudson, is not, and never was, the successor in interest of Robert E. Lee, administrator of P. P. Hudson. (2) The act of Robert E. Lee, administrator of P. P. Hudson, in instituting the suit versus defendant, was illegal and void. Never having qualified, nor having letters of administration, he was not administrator, and could do no valid act, because prohibited by law. (3) Person, administrator, was not added, and did not intervene, as a new party. He was merely substituted as plaintiff. (4) This order was ex parte, without notice, without affidavit, without petition, without letters. (5) Solon A. Person, as the letters show, is administrator. Second. The defendant, by counsel, moves, upon the admission of counsel in open court that no letters ever issued to Robert E. Lee, upon the affidavit of Wm. N. Ransom, and the transcript of the administration of Hudson's estate in the probate court, thereto attached, and upon the letters of Solon A. Person, administrator of P. P. Hudson, all showing the suit was instituted by one having no authority, and also prohibited by law, to dismiss this suit. Third. Defendant, by counsel, moves to dismiss this suit for that on the face of the record it appears that the death of the intestate occurred on the 6th of January, 1896; that this suit, if plaintiff, Solon A. Person, has any standing in this suit, commenced on September 26, 1896, and the contract of insurance sued on, and made a part of the declaration, in its fifth condition expressly provides as follows: 'Legal proceedings for recovery hereunder may not be brought until after three months from the date of filing proofs at this company's home office, nor brought at all unless begun within six months from time of death.'" And on the same day a transcript of the record of the probate court was filed, together with an affidavit of Wm. N. Ransom, stating that he examined the records of the probate court, and found that no bond was executed by Lee, or approved by the court; that he never qualified, and letters were never issued to him. August 28, 1897, the cause was continued until the next term. December 22, 1897, the motion to dismiss was sustained, and the action was dismissed at the plain-

tiff's costs, for which there was judgment. 84 Fed. 759. March 23, 1898, the plaintiff moved for a new trial, but his motion was overruled. May 21, 1898, the plaintiff filed his petition in error in this court, the assignments of which are, in substance, that the court below erred (1) in permitting the introduction of evidence of facts dehors the record in support of the motion to dismiss; (2) in vacating and in assuming the power to vacate, the order of the state court substituting Person for Lee as plaintiff; (3) in holding that the state court had no power to substitute Person for Lee as plaintiff; (4) in not holding that the defendant in error was estopped to move for the dismissal of the case by reason of its voluntary submission to the jurisdiction of the United States circuit court.

H. C. Warinner, for plaintiff in error.

Luke N. Finlay, for defendant in error.

Before TAFT and LURTON, Circuit Judges, and THOMPSON, District Judge.

THOMPSON, District Judge (after stating the facts as above). It is only necessary to consider the third assignment. It is clear that the state court had power to substitute Person for Lee as the plaintiff in the case. The power is conferred by the statute law of the state, found in section 4589 of Shannon's Tennessee Code, which reads as follows:

"No civil suit shall be dismissed for want of necessary parties, or on account of the form of action, or want of proper averment in the pleadings, but the courts shall have the power to change the form of action, strike out or insert in the writ and pleadings the names of either plaintiffs or defendants, so as to have the proper parties before the court, and to allow all proper averments to be supplied, upon such terms, as to continuances, as the court in its sound discretion may see proper to impose."

The construction which we give to this statute is in accordance with the decision of the supreme court of Tennessee in Flatley v. Railroad Co., 9 Heisk. 230. In that case Mary Flatley, widow, for the use of herself and children, brought suit against the railroad company for damages for wrongfully causing the death of her husband, William Flatley. Afterwards E. A. Flatley, the administrator of the estate of William Flatley, was substituted for the widow, and the action proceeded. The court say:

"It is a general principle that where a right is given by statute, and a remedy provided in the same act, the right can be pursued in no other mode. Therefore it results that the action, as originally brought in the name of Mary Flatley, could not have been successfully maintained. It could not be maintained otherwise than in the name of the personal representative. Previous to the enactment of our statutes upon the subject of amendment, embodied in the Code, the result of this mistake would have been to compel an abandonment of this action, and a resort to a new suit; but this is obviated by the provisions before referred to, which allow the name of the new plaintiff to be substituted. The defendant being in court for particular cause of action, it is not required that the expense and delay shall be incurred of new process," etc.

See Hodges v. Kimball, 91 Fed. 845.

It is sought, however, to distinguish the Flatley Case from the case at bar on the ground that the act of Lee in bringing the suit was illegal, and conferred no jurisdiction upon the court, while the act of Mrs. Flatley was only a mistake, which the court could correct by substituting the proper party. But we find no warrant in the statute for such a distinction, nor any reason for it. The question is not

whether the suit could have been maintained in Lee's name, nor whether Lee was guilty of a misdemeanor in bringing the suit, but whether it should abate because of Lee's want of authority to prosecute it. The command of the statute is that "no civil suit shall be dismissed for want of necessary parties." The defendant was in court to answer to a cause of action in favor of the estate of Hudson, which could only be prosecuted by the administrator of the estate; and Person having been appointed and qualified as such administrator, in the place and stead of Lee, who failed to qualify, the court substituted him for Lee as plaintiff in the case. This it might do without prejudice to the right or duty to prosecute Lee for meddling with the estate by assuming to act as administrator, in bringing the suit, when he had never qualified as such. The statute making it an offense for Lee to assume to act as administrator without having been appointed and qualified as such is not in conflict with the statute which authorized the court to dismiss him from the cause, and substitute in his stead the duly-authorized administrator. We think there was reversible error in the proceedings of the court below, and its judgment will be reversed, and the cause remanded for further proceedings consistent with this opinion. It is so ordered.