MARY PUGMIRE and JOHN B. PUGMIRE, ANDREW K. PUGMIRE, FLORENCE JANE PUGMIRE. NORA PUGMIRE, WILFRED PUGMIRE, ZELLA PUGMIRE, ZELL PUGMIRE and WILLIAM ARMSTRONG PUGMIRE, Minors, by their Guardian ad litem, MARY PUGMIRE, Appellants, v. THE DIAMOND COAL AND COKE COMPANY, a Corporation, Respondent.

No. 1444.     (72 Pac. 385.)

1.  **Parties: Action for Wrongful Death: Plaintiffs: Widow and Children: Change of Plaintiffs: Administratrix: Statutes Liberally Construed.**
    Revised Statutes 1898, section 3005, provides that the court may, in the furtherance of justice, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, and section 2489 provides that the provisions of the statutes and all proceedings under them shall be liberally construed, with a view to effect their object and to promote justice. *Held*, that where an action for wrongful death was erroneously commenced by intestate's widow and children, who were the only parties in interest, instead of by the personal representative, it was error not to allow an amendment of the complaint substituting the widow in her capacity as administratrix.[1]

2.  **Same: Right to Appeal.**
    As plaintiffs were entitled to the amendment asked for, they were entitled to be heard on appeal from the judgment dismissing the complaint.

### (Decided May 1, 1903.)

---

[1]Skews v. Dunn, 3 Utah 186, 2 Pac. 64, distinguished.

Appeal from the Third District Court, Salt Lake County.—*Hon. S. W. Stewart,* Judge.

Action by Mary Pugmire and her eight minor children, heirs at law of Andrew Pugmire, to recover damages for the death of her husband alleged to have been occasioned by the negligence of the defendant. From a judgment dismissing the complaint, the plaintiffs appealed.

REVERSED.

*Messrs. Powers, Straup & Lippman* and *E. A. Walton, Esq.,* for appellants.

*Andrew Howat, Esq.,* and *Messrs. Richards & Ferry* for respondent.

### STATEMENT OF FACTS.

This action was commenced May 2, 1898, by Mary Pugmire and her eight minor children, heirs at law of Andrew Pugmire, who was killed January 27, 1898, at Diamondville, Wyoming, while he was in the employ and at work for defendant in its coal mine. The complaint alleged that the death of the deceased was caused by the negligence of the defendant in failing to furnish the decedent a reasonably safe place in which to perform and prosecute his work, and by neglecting to properly support, brace, and timber the ground in a certain entrance to its mine; and the complaint further sets out in detail the facts and circumstances leading up to and surrounding the accident by which decedent came to his death. Defendant answered, putting in issue the material allegations of the complaint relied upon for a recovery. On May 19, 1902, plaintiffs filed their amended complaint, and pleaded certain sections of the statutes of Wyoming, which, among other things, provide that all actions, such as the one under consideration, shall be brought by the personal representatives of the

deceased. Defendant demurred to the amended complaint on the ground that it did not state facts sufficient to constitute a cause of action, and that it appeared upon the face of the complaint that plaintiffs had no legal capacity to sue, as they were not the personal representatives of the deceased. The court sustained the demurrer, and thereupon the plaintiffs, by motion duly filed, asked leave to amend their complaint by substituting Mary Pugmire, administratrix, as party plaintiff, and that she be allowed to prosecute the action in her representative capacity as administratrix, instead of as an individual and guardian ad litem for her minor children. The motion to amend was overruled, and the plaintiffs elected to stand upon their motion to amend; whereupon the court rendered judgment dismissing plaintiffs' complaint. Plaintiffs appeal.

McCARTY, J., after making the foregoing statement of the case, delivered the opinion of the court.

There are two questions raised by this appeal: First, did the court err in denying plaintiffs' motion to amend their complaint by substituting the personal representative of the deceased as party plaintiff, in lieu of the beneficiaries, present plaintiffs? and, second, can the plaintiffs, who were not proper party plaintiffs in the court below, be heard in this court on appeal?

The general rule respecting the first proposition is that amendments will not be permitted which would result in a complete change and substitution of either party, plaintiff or defndant. It is claimed, however, there are exceptions to this rule, and that in actions relating to estates of decedents the personal representative may be substituted for the heirs, and vice versa. Upon this point there is an irreconcilable conflict in the authorities, both State and Federal. While the question is not entirely free from doubt, we think the better and more equitable rule to be that, in this class of cases, where the beneficiaries are in fact the only real parties in interest, great liberality ought to

be allowed and that a party ought not to be driven out of court because, through some oversight or mistake on his part, he has brought his action in a wrong capacity.   In the case under consideration the change would be a formal one only, as Mary Pugmire and her minor children are the only parties who are or can be pecuniarily interested in the successful prosecution of the case.

In volume 20, Ency. Pl. and Pr. 1027, 1028, the rule is stated as follows: "Subject to the general rule above stated, that a substitution of parties which operates to change the original cause of action cannot be allowed, the personal representative of a decedent may be substituted in place of the heirs or distributees or widow, in actions relating to the estate, or, vice versa, the heirs or widow may be substituted in the place of the personal representative." The doctrine is supported by the following cases: 20 Ency. Pl. and Pr., 1027, 1028; Bender v. Luckenbach, 162 Pa. 18, 29 Atl. 295, 296; Merrill v. Woodbury, 61 N. H. 504; Teutonia Life Ins. Co. v. Mueller et al., 77 Ill. 22; Wood v. Circuit Judge, 84 Mich. 521, 47 N. W. 1103; Van Doren v. Penn. R. Co., 35 C. C. A. 282, 93 Fed. 260; Person v. Fidelity & Casualty Co., 35 C. C. A. 117, 92 Fed. 965; U. S. Ins. Co. v. Ludwig, 108 Ill. 514.

Section 3005, Revised Statutes 1898, in part provides that the court may, in the furtherance of justice, allow a party to amend any pleading or proceeding by adding or striking out the name of any party.   By giving the provisions of this section of the statute the liberal construction contemplated by section 2489, Id., which provides that the provisions of the statutes and all proceedings under them shall be liberally construed, with a view to effect their object and to promote justice, we think the amendment could and ought to have been allowed, and that it was error to reject it.

In the case of Skews v. Dunn, 3 Utah 186, 2 Pac. 64, cited by counsel for respondent, William Skews, plaintiff, commenced an action in his own name on two

promissory notes, and, after the case had been tried in a justice of the peace court and appealed to the district court, Skews moved that his wife be substituted in his place as party plaintiff, and filed an affidavit alleging that she was at the time of the commencement of the action the owner of the notes, and really the party beneficially interested in the action. The trial court sustained the motion, and permitted the substitution to be made. It will be observed that, after the action had been tried and an appeal taken to the district court, it was discovered that the plaintiff was not the real party in interest, and another person, who was an entire stranger to the action, was substituted as party plaintiff in place of Skews, who commenced the suit, and this court held that the trial court erred in permitting the amendment, and reversed the case. The reason assigned for the reversal is that, under the statutes as they existed at that time, a husband was not a competent witness for or against his wife, nor a wife a competent witness for or against her husband, and that, by reason of the substitution of the wife in the place of the husband, she was permitted to testify as a witness in the case. The court say: "The only reason apparent from the record for desiring the substitution was that Sarah Skews [wife] might be available on the trial of the case."

It will be seen that the principles involved in that case are not at all similar to those now under consideration, and the majority of the cases cited by counsel for respondent are cases in which parties who were in fact strangers to the suits at the time they were commenced were asked to be substituted in place of the parties who commenced the actions, and did not come within the exception to the general rule above stated. As the appellants were entitled to the amendment asked for, and it having been denied them, it necessarily follows that they are entitled to be heard on appeal.

There are a number of other questions discussed

at considerable length by counsel in their briefs, but we deem it unnecessary to consider them.

The case is reversed, with directions to the trial court to reinstate the case and allow plaintiffs to amend. Costs of this appeal to be taxed against respondent.

BASKIN, C. J., and BARTCH, J., concur.