OTTO STUDER *v.* W. H. ROBERTS.

(*Knoxville.* September Term, 1915.)

**PROCESS. Summons. Amendment. Statutes.**

Under Shannon's Code, sec. 4495, providing that new plaintiffs or defendants may be added to the suit by plaintiff upon supplemental process taken out and served, and section 4589, included in the same act, providing that the court may strike out and insert in the writ or pleadings the names of others as plaintiffs or defendants, process to bring in defendant after an amendment substituting plaintiff as administrator, instead of plaintiff in his own name, was not required, and a notification by the court's order, in place of formal process, was sufficient.

Acts cited and construed: Acts 1851-52, ch. 152, sec. 6.

Cases cited and approved: Love v. Railroad, 108 Tenn., 120; Person v. Fidelity, etc., Co., 92 Fed., 965.

Case cited and distinguished: Flatley v. Railroad, 56 Tenn., 230.

Code cited and construed: Sec. 4495 (S.).

---

FROM HAMILTON.

---

Appeal from the Circuit Court of Hamilton County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.— NATHAN L. BACHMAN, Judge.

J. H. EARLY, for plaintiff.

SIZER, CHAMBLISS & CHAMBLISS, for defendant.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This suit was brought by W. H. Roberts in his own name to recover damages for the alleged wrongful death of his daughter, Bessie Roberts, due to the carelessness of Studer in the operation of an automobile.

Thereafter Roberts moved for and was granted leave to amend the writ or summons and the declaration so as to add after his name the words, "as administrator of the estate of Bessie Roberts, deceased."

Thereupon Studer filed his plea in abatement setting forth that since the amendment of the suit and the substitution of W. H. Roberts, administrator, for the original plaintiff, he had not been served with process; which plea was stricken by the court on motion of the plaintiff below.

A plea in bar of "not guilty" was then filed, and the trial was proceeded with.

The court of civil appeals sustained this ruling on the plea in abatement and affirmed the judgment below.

The contention of Studer is that process to bring him in was required by Code (Shannon) section 4495, which is as follows:

"At any time before trial, new plaintiffs or defendants may be added to the suit by the plaintiff, upon supplemental process taken out and served, and subject to such terms in regard to costs as the court may impose."

Studer v. Roberts.

By another section (4589) it is provided that the court shall have power to strike out and insert in the writ or pleadings the names of either plaintiffs or defendants, so as to have the proper parties before the court. Both of the above provisions appear in the same legislative act, from which they were brought forward into the Code. Acts 1851-52, ch. 152, sec. 6.

In *Flatley* v. *Railroad*, 9 Heisk. (56 Tenn.), 230, it was said that previous to such legislative enactment the result of such a mistake as to the party plaintiff would have been to compel an abandonment of the action, but that this was obviated by the provisions before referred to, which allowed the name of a new plaintiff to be substituted. Judge McFarland said:

"The defendant being in court for a particular cause of action, it is not required that the expense and delay shall be incurred of new process."

In *Love* v. *Railroad*, 108 Tenn., 120, 65 S. W., 475, 55 L. R. A., 471, this language was quoted with approval.

Counsel for Studer insist that what was said in these two cases was *obiter*, since the question involved in each was whether the amendment by way of substitution of a party plaintiff related to the date of the original commencement of the suit in respect of the running of the statute of limitation; and, further, that the court in no reported decision has passed upon the question when raised, as here, by a plea in abatement.

This may be true, but we are of opinion that the lan-

guage used in the two cases above cited announced the correct rule.

The question was directly passed upon, in a case arising in this State, by the United States circuit court of appeals of the sixth circuit in the case of *Person* v. *Fidelity, etc., Co.*, 92 Fed., 965, 35 C. C. A., 117 (reversing [C. C.], 84 Fed., 759), where it was held that the amendment by substitution, as in the instant case, was permissible under section 4589, and effective.

The defendant was already before the court and cognizant of the amendment. In respect of an addition of a new party defendant at the instance of a plaintiff, there is room for the application of the words of section 4495, "upon supplemental process taken out and served," without a conflict between the two sections thus drawn from the same act; and these words are not to be deemed to prescribe a requirement as to the notification of a defendant in such circumstance of a change, by substitution in the plaintiff who may be prosecuting the cause of action. The notification by the court's order in the circumstances served in lieu of a notification by formal process.

Finding no reversible error on this or other points, the judgment of the court of civil appeals is affirmed.