[S. F. No. 6634. In Bank.—October 18, 1913.]

JAMES L. CRITTENDEN, Petitioner, v. SUPERIOR COURT OF SAN LUIS OBISPO COUNTY et al., Respondents.

BANKS—INVOLUNTARY LIQUIDATION UNDER ACT OF 1903—FINAL JUDGMENT FOR LIQUIDATION PRIOR TO REPEAL OF ACT—PENDENCY OF APPEAL FROM ORDER DENYING NEW TRIAL.—Where a judgment rendered under the Banking Act of March 24, 1903 (Stats. 1903, p. 365), declaring a bank insolvent, ordering it into involuntary liquidation, and appointing a receiver for purposes of liquidation, had been affirmed on direct appeal therefrom and had thus become final, the subsequent repeal, pending an appeal from an order denying a new trial of the action, of the Banking Act of 1903 by the Banking Act of March 1, 1909 (Stats. 1909, p. 87), without any provision for continuing in force any pending proceedings or litigation under the repealed act, did not render ineffectual the judgment ordering the bank into liquidation, nor divest the receiver of his

authority as such to proceed with its liquidation.    (*People* v. *Bank of San Luis Obispo,* 159 Cal. 65, approved.)

ID.—PROCEEDINGS FOR NEW TRIAL DID NOT STAY JUDGMENT.—Such judgment was in no way stayed in law by virtue of the pending proceedings under the motion for a new trial.

ID.—STAY OF PROCEEDINGS BY RECEIVER APPOINTED BY JUDGMENT—APPEAL—VACATION OF STAY ORDERS.—The effect of such judgment was not affected by orders made by the supreme court during the pendency of the appeal from the order denying a new trial, and after the repeal of the Banking Act of 1903, temporarily staying certain proceedings by the receiver appointed by the judgment until the further order of the court. Such stay orders were vacated by the judgment of the supreme court denying a motion to vacate and annul the judgment and to dismiss the proceedings, and affirming the order denying the motion for a new trial.

ID.—ACTION BY BANK COMMISSIONERS ON NOTE HELD BY BANK—LEGAL CAPACITY TO SUE—PROHIBITION.—The question whether the bank commissioners, pending a proceeding under the Banking Act of 1903 to have an alleged insolvent bank thrown into involuntary liquidation, but prior to obtaining a decree for the relief sought, had legal capacity to institute and maintain on behalf of the bank an action on a promissory note executed to it, against the maker who had been duly served with summons and had appeared therein, does not go to the jurisdiction of the court to hear and determine the action, but is to be determined in the action itself. Consequently prohibition will not lie against proceeding with such action for the alleged legal incapacity of the bank commissioners to institute it.

ID.—SUBSTITUTION OF RECEIVER IN ACTION INSTITUTED BY BANK COMMISSIONERS.—The action so instituted by the bank commissioners on behalf of the insolvent bank did not abate by reason of the repeal of the Banking Act of 1903, and the court in which it was pending had authority, on motion, to substitute as plaintiff, the receiver appointed by the judgment to carry on the liquidation, and to allow the action to be continued in his name.

APPLICATION for a Writ of Prohibition directed to the Superior Court of San Luis Obispo County and to E. P. Unangst, as judge thereof.

The facts are stated in the opinion of the court.

James L. Crittenden, in *pro per.,* Barclay Henley, and Jacob M. Blake, for Petitioner.

N. H. Spencer, for Respondents.

ANGELLOTTI, J.—This is an application for a peremptory writ of prohibition to restrain defendants from proceeding further with a certain action pending in the superior court of San Luis Obispo County entitled "Neil Stewart, as Receiver of the Bank of San Luis Obispo, a corporation, Plaintiff, *vs.* James L. Crittenden, Defendant," being action No. 4541 in said court, save and except to dismiss the same.

The action referred to is one instituted in said court on November 7, 1906, by Herman Silver et al., claiming to act as the bank commissioners of the state of California, against James L. Crittenden, plaintiff here, and others, to obtain a judgment against said Crittenden for the use and benefit of the Bank of San Luis Obispo, for the amount due on a promissory note given by Crittenden to said bank, for $22,268.13 and interest, executed on and dated November 8, 1901, and maturing one year after date. The Bank of San Luis Obispo was named by the bank commissioners as a party plaintiff in the title of the action. At the time of the commencement of this action a proceeding was pending in said court, instituted therein on February 1, 1906, and numbered therein 4463, under section 10 of the Banking Act, approved March 24, 1903 (Stats. 1903, p. 365), being one brought by the people of the state by the attorney-general on the complaint of the bank commissioners, to obtain a decree ordering said bank into involuntary liquidation, enjoining it from doing any further business and appointing a receiver for purposes of liquidation. On December 12, 1906, judgment was given in said action 4463 by the said court, granting the relief sought, and appointing said Stewart as the receiver. Notice of motion for new trial was given by the defendants in such action, and thereafter, on or about December 15, 1906, defendants appealed to this court from the judgment therein, giving, it appears to be admitted, a bond in all respects sufficient to stay execution of all proceedings on the judgment, pending the appeal therefrom. On August 27, 1908, the judgment was affirmed by this court, such judgment becoming final September 26, 1908. (See *People etc.* v. *Bank of San Luis Obispo,* 154 Cal. 194, [97 Pac. 306].) In the mean time,—namely, on June 19, 1908, an order was made by the superior court denying defendant's motion for a new trial in said action 4463, and an appeal had been taken to this court from such order. The

usual bond for costs had been given on this appeal. While this appeal was pending, the Banking Act of 1909, approved March 1, 1909, and taking effect July 1, 1909 (Stats. 1909, p. 87), was adopted, and this act had the effect of repealing the act of 1903 under which said action 4463 was instituted and prosecuted, and made no provision for continuing in force any pending proceedings or litigation under the repealed act. Upon the application of defendants that such a stay be granted until the final decision on the appeal from the order denying a new trial, on November 2, 1909, an order was made by this court staying until December 6, 1909, "all proceedings under said judgment and by said Neil Stewart as, or claiming to be, such receiver, save and excepting the entry of judgment in the action now pending and the commencement of actions where necessary," and on December 6, 1909, this temporary stay was ordered continued "until the further order of the court." On December 28, 1910, a motion of the defendants in said action 4463 to vacate and annul the judgment and dismiss the proceedings was denied by this court and the order denying defendant's motion for a new trial was affirmed. This decision became final January 27, 1911. (*People* v. *Bank of San Luis Obispo et al.*. 159 Cal. 65, [Ann. Cas. 1912B, 1148, 37 L. R. A. (N. S.) 934, 112 Pac. 866].) On November 16, 1912, notice was given of a motion in the lower court for the substitution of said Neil Stewart, as receiver, in place of the original plaintiffs, in action 4541, being the action on the promissory note. This motion was granted by the lower court over the objection of defendant Crittenden. A motion of said defendant to dismiss said action was denied. The substituted plaintiff, by leave of the trial court, has filed an amended and supplemental complaint. Defendant's demurrer to this complaint has been overruled by the lower court, with leave to answer within twenty days. Unless prohibited by this court, the lower court will proceed to hear and entertain all proceedings preparatory to a trial, and will try and enter judgment in said action.

Petitioner's contention that the lower court is without jurisdiction to entertain further the action here sought to be restrained is based largely on the claim made by defendants on the motion made in this court to vacate and set aside the judgment in action 4463, *People etc.* v. *Bank of San Luis Obispo*

*et al.* Substantially, that claim was that by reason of the repeal, pending the appeal from the order denying a new trial, of the Banking Act of 1903, by the Banking Act of 1909, without any provision for continuing in force any pending proceedings or litigation under the repealed act, said action 4463, claimed to be still a pending action by reason of the pendency of the appeal from the order denying a new trial therein, abated, with the result that the judgment rendered therein ordering the bank into liquidation and appointing said Stewart, as receiver, was no longer effectual for any purpose, and should be set aside and vacated, notwithstanding the same had been affirmed by this court on the appeal therefrom. The result would be, of course, that the substituted plaintiff in action No. 4541, Neil Stewart, as receiver, would be without any authority to maintain this action. The claim of petitioner in that behalf was very carefully considered by this court and determined against his views on the motion to which we have referred, and the opinion filed contains a complete and exhaustive discussion of the questions presented thereby. We see no reason to doubt the correctness of the views there expressed, and adhere thereto. (See *People* v. *Bank of San Luis Obispo et al.,* 159 Cal. 65, [Ann. Cas. 1912B, 1148, 37 L. R. A. (N. S.) 934, 112 Pac. 866].) We are unable to see that the orders made by this court during the pendency of the appeal from the order denying a new trial, and several months after the repeal of the Banking Act of 1903, temporarily staying certain proceedings by the receiver appointed by the judgment until the further order of the court, in any way affect the question. The judgment was in no way stayed in law by virtue of the pending proceedings under the motion for a new trial. The only possible effect of these orders was to prohibit the receiver from taking certain proceedings under the judgment until the further order of this court, he being expressly left at liberty to have judgments entered in an action then pending, and to commence such new actions as were necessary. The real reason for the orders was to prevent a multiplicity of actions by the receiver for moneys, etc., alleged to be due the insolvent bank, until it had been determined whether the judgment should be vacated and set aside in consequence of the repeal of the Banking Act, or whether it was to be vacated by a reversal of the order denying a new trial.

Of course, all such orders staying proceedings were vacated by the judgment of this court denying the motion to vacate and annul the judgment and dismiss the proceedings, and affirming the order denying the motion for a new trial.

The other points made in support of the application in the proceeding at bar clearly do not go to the question of jurisdiction. In fact, it may well be doubted whether the points already discussed go to that question. We have here an action on behalf of the Bank of San Luis Obispo against petitioner here on a promissory note alleged to have been given by him to such bank. Of course, the superior court of San Luis Obispo County has jurisdiction of the subject matter of such an action. Such court acquired jurisdiction of the person of the defendant therein by reason of service of summons on him and his subsequent appearance. It is claimed that the bank commissioners had no authority under the provisions of the act of 1903 to institute and maintain such action on behalf of the bank. That is a matter in no way affecting the jurisdiction of the court, but presents a question to be determined in the action itself. Legal incapacity of the plaintiff in an action to sue is an objection to be presented by demurrer if the fact appears on the face of the complaint, and by answer, if it does not so appear (Code Civ. Proc., secs. 430 and 433), and if such an objection is not taken by either demurrer or answer it must be deemed to have been waived. (Code Civ. Proc., sec. 434.) It does not go to the jurisdiction of the court. Of course, prohibition lies only to restrain such proceedings as are in excess of jurisdiction, and we do not deem it proper to undertake in this proceeding to determine whether or not the bank commissioners had the authority to institute this action on behalf of the bank, if we have no right to prohibit further proceedings in the action in the event that we conclude that they had no such authority. If defendant properly makes his objection in this behalf in the court below, the action of that court may be reviewed on appeal. Of course there is no force whatever in the claim that this action on behalf of the Bank of San Luis Obispo abated by reason of the repeal of the Banking Act of 1903. The utmost that can be claimed in this regard is that the bank commissioners were thereby disabled from further maintaining the action, which was probably already the situation by

reason of the judgment appointing a receiver, which had some time before become final. But the action on this note would not abate by reason of the disability of a party plaintiff if the cause of action survived or continued, and the court, on motion, could and should allow the action to be continued by the proper party.

We see no ground whatever for granting the application made.

The application for a peremptory writ of prohibition is denied.

Shaw, J., Sloss, J., Lorigan, J., Melvin, J., and Henshaw, J., concurred.