MARIE McGRATH, Administratrix of the Estate of C. J. McGRATH, Deceased, Substituted in Lieu of C. J. Mc-GRATH, an Insane Person, by MARIE McGRATH, Guardian of His Estate, Respondent, v. WEST END ORCHARD & LAND COMPANY, a Corporation, Appellant.

[251 Pac. 623.]

INSANE PERSONS — CONTRACTS — RESCISSION — PLEADING — GUARDIAN-SHIP—PARTIES—SUBSTITUTION OF WIFE'S ADMINISTRATRIX—EFFECT ON CAUSE OF ACTION—EVIDENCE—NONPREJUDICIAL ERROR.

1. Wife, seeking to rescind contracts made by husband for purchase of land, had burden of proving husband, at time of making contracts, was unsound in mind.

2. Findings that contracts were void and unenforceable will not be disturbed, where evidence showed insanity of maker at time of making contracts, though jury found he had lucid intervals.

3. Answer, failing to deny that wife bringing action as guardian for insane husband was duly appointed guardian, admitted due appointment.

4. Objection to wife's capacity to sue as guardian of insane husband not being raised by answer or demurrer during

husband's lifetime was too late after supplemental complaint was filed alleging wife's appointment as administratrix.

5.   Wife's guardianship for insane husband terminates on husband's death.

6.   Amendment or substitution of competent party introduces no new cause of action, but relates back to commencement of suit.

7.   Under C. S., sec. 6657, court may order necessary parties to controversy brought in.

8.   Substitution of wife as administratrix of husband's estate was proper, under C. S., sec. 6657, even though suit was originally instituted by wife as guardian for insane husband without having been regularly appointed.

9.   Under C. S., sec. 4666, wife, as husband's administratrix, could sue to recover money belonging to community and paid by husband on contracts without making herself individually party plaintiff.

10.   Assignment of error which is not discussed nor supported by citation of authorities will not be considered.

11.   Nonexpert testimony is admissible on question of sanity.

12.   In action by wife as husband's administratrix to rescind contracts, admitting deposition in jury's absence after witness had been examined as to husband's sanity, if error, *held* not prejudicial.

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County. Hon. Miles S. Johnson, Judge.

Action to recover moneys paid on contracts.   Judgment for plaintiff.   *Affirmed.*

Publisher's Note.

5.   See 12 R. C. L. 1117.

6.   See 21 R. C. L. 587.

11.   See 11 R. C. L. 601.

See Appeal and Error, 4 C. J., sec. 2869, p. 898, n. 92; sec. 2952, p. 969, n. 56; sec. 3057, p. 1071, n. 31.

Evidence, 22 C. J., sec. 698, p. 604, n. 3.

Husband and Wife, 31 C. J., sec. 1234, p. 148, n. 88.

Insane Persons, 32 C. J., sec. 284, p. 665, n. 38; sec. 622, p. 781, n. 50; sec. 640, p. 786, n. 79.

Pleading, 31 Cyc., p. 208, n. 80; p. 414, n. 20; p. 464, n. 14; p. 470, n. 79; p. 485, n. 43.

Cox & Martin, for Appellant.

Marie McGrath had no authority to institute the present action, and the same should be dismissed. (C. S., sec. 7856; *McGee v. Hayes,* 127 Cal. 336, 78 Am. St. 57, 59 Pac. 767; *Martin v. O'Reilly,* 81 Okl. 261, 200 Pac. 687; *Martin v. White,* 146 Fed. 461, 76 C. C. A. 671; *In re Phillips,* 158 Mich. 155, 122 N. W. 554; *Sears v. Terry,* 26 Conn. 273; *Jones v. Learned,* 17 Colo. App. 76, 66 Pac. 1071; *Tiger v. McCallom,* 89 Okl. 249, 214 Pac. 194; *Behrensmeyer v. Kreitz,* 135 Ill. 591, 26 N. E. 704; *Winslow v. Troy,* 97 Me. 130, 53 Atl. 1008; *Albright v. Rader,* 13 Lea (Tenn.), 574; *South Penn Oil Co. v. McIntyre,* 43 W. Va. 296, 28 S. E. 922.)

The judgment and decree of the lower court cannot be affirmed, for the reason that the investment made by C. J. McGrath was an investment of community funds. In order to reach the whole of the community investment, in view of the alleged incompetency, it would have been necessary for Marie McGrath, personally, to be a party plaintiff. (*Swinehart v. Turner,* 38 Ida. 602, 224 Pac. 74.)

The undisputed testimony established that C. J. McGrath at the time he made the contracts in question knew what he was doing. He was therefore capable of transacting ordinary business when he signed the contracts, and under such circumstances they cannot properly be rescinded. (*Kelly v. Perrault,* 5 Ida. 221, 48 Pac. 45; *Railiff v. Baltzer's Admr.,* 13 Ida. 152, 89 Pac. 71; *Keenan v. Scott,* 99 Okl. 63, 225 Pac. 906; *Stackhouse v. Horton,* 15 N. J. Eq. 202; *In re Dolbeer's Estate,* 149 Cal. 227, 9 Ann. Cas. 795, 86 Pac. 695; *Gilmore & Co. v. W. B. Samuels & Co.,* 135 Ky. 706, 21 Ann. Cas. 611, 123 S. W. 271.)

Expert medical testimony as to the capacity of C. J. McGrath to enter into the contracts in controversy is entitled to little, if any, weight as against the undisputed testimony of those who had dealings with him at the time the business was transacted. (*Kelly v. Perrault, supra; Osborn v. Carey,* 24 Ida. 158, 132 Pac. 967; *In re Dolbeer's Estate,*

*supra; Burley v. McGough,* 115 Ill. 11, 3 N. E. 738; *Stackhouse v. Horton, supra.*)

Fred E. Butler and Edward C. Butler, for Respondent.

Appellant's objection to the capacity of C. J. McGrath to maintain the action as originally commenced was waived by failure to raise the point either by demurrer or answer during the lifetime of C. J. McGrath. (*Anthes v. Anthes,* 21 Ida. 305, 121 Pac. 553, 556; *Whitley v. Spokane & Inland Ry. Co.,* 23 Ida. 642, 132 Pac. 121; *Trask v. Boise King Placers Co.,* 26 Ida. 290, 142 Pac. 1073, 1075; C. S., sec. 6693; *Forrester v. Southern Pac. Ry. Co.,* 36 Nev. 247, 134 Pac. 753, 48 L. R. A., N. S., 1.)

Upon continuance the substituted party proceeds in all respects as if he had been in the case from the beginning. (1 C. J. 252, sec. 557.)

A plea in abatement cannot be set up for the first time in an amended answer, if the facts were known before the filing of the first answer. (*Baker v. Union Stockyards Nat. Bank,* 63 Neb. 801, 93 Am. St. 484, 89 N. W. 269; *Schauer v. Beitel,* 92 Tex. 601, 50 S. W. 931; *Eden v. D. M. Osborne,* 14 Tex. Civ. App. 314, 37 S. W. 182.)

A distinction is drawn between the substitution of a competent for incompetent plaintiff. (21 R. C. L. 585.)

It is unnecessary to serve notice for appointment of guardian upon a person who has been adjudged insane. (C. S., sec. 1190; *Foran v. Healy,* 73 Kan. 633, 85 Pac. 751, 86 Pac. 470.)

The findings by the judge, who had the benefit of observing the demeanor of witnesses and listening to their testimony, will not be disturbed because of conflict, if the evidence in support of such findings, if uncontradicted, is sufficient to sustain them. (*Morrison v. Morrison,* 38 Ida. 45, 221 Pac. 156; *Davenport v. Burke,* 30 Ida. 599, 167 Pac. 481.)

A nonexpert may be as able as an expert to make clear mental comparisons between the acts and conduct of a man who was at a given time sound and perfectly competent

and his acts at a time when he was laboring under mental disabilities. (*Weber v. Della Mountain Min. Co.*, 14 Ida. 404, 94 Pac. 441.)

Idaho recognizes the rule that "a person may be insane on one subject and perfectly sane on another." (*Ratliff v. Baltzer's Admr.*, 13 Ida. 152, 89 Pac. 152.)

BUDGE, J.—On October 9 and December 1, 1920, C. J. McGrath entered into three separate contracts with appellant company for the purchase of certain lands, and upon each contract made down payments of varying amounts. Thereafter, in the spring of 1921, McGrath was taken to the state hospital for the insane at Orofino. Subsequent to his commitment Marie McGrath, his wife, was appointed guardian of his estate in proceedings had in the probate court of Nez Perce county, and as such guardian, through her attorneys, notified appellant company that C. J. McGrath was insane and incompetent upon the dates the contracts involved herein were entered into and that she refused to be bound thereby, and demanded repayment of the sums advanced under them. Appellant company, by written notice addressed to C. J. McGrath, to Marie McGrath, his guardian, and to her attorneys, advised that by reason of failure to comply with the terms of the contract dated October 9, 1920, the same was canceled and terminated and pursuant to the provisions thereof payments theretofore made would be retained. This action was subsequently commenced by the said guardian to recover from appellant the amounts paid on the three contracts, with interest, upon the ground that at the time of entering into the contracts C. J. McGrath was mentally incompetent and incapable of making a valid contract. To the complaint a general demurrer was filed, and overruled. Answering the complaint appellant denied the incapacity of C. J. McGrath to make a valid contract, and prayed that the action be dismissed.

Before the cause came on for trial C. J. McGrath died. The trial court, upon application, made and entered an order continuing the cause in the name of Marie McGrath as administratrix of the estate of C. J. McGrath, deceased, as

plaintiff, and granting plaintiff leave to file a supplemental complaint alleging her appointment as administratrix. A supplemental complaint containing such allegation was thereupon filed.

It appears from the record that an amended answer was filed but withdrawn and a second amended answer filed in lieu thereof after the death of McGrath and the substitution of Marie McGrath, administratrix, as plaintiff, in which latter answer the incapacity of C. J. McGrath to make the contracts was denied, as was also the appointment of Marie McGrath as guardian of the estate of C. J. McGrath. The second amended answer affirmatively alleged that the McGraths had been guilty of laches by failure timely to rescind the contracts and that the same had been ratified.

Upon the issues made by the complaint, supplemental complaint and second amended answer the cause was tried before the court, with a jury sitting in an advisory capacity on the question of the sanity of McGrath. Evidence was introduced by both sides upon the issue as to the sanity of McGrath during the times of making of the contracts, and upon interrogatories submitted to it the jury found that at the time he entered into the contracts McGrath understood that he was buying lands in Lewiston Orchards; that prior thereto and at the time of entering into the contracts McGrath had not examined and did not know what particular tracts he was undertaking to purchase; that at the time he undertook to purchase the lands he did not understand what the purchase price was or the portion payable in cash or in deferred payments, or the rate of interest on deferred payments; that at the time of execution of the contracts by McGrath he did not know that the instruments which he signed were contracts for the purchase of the particular lands described therein, and that he did not understand the general meaning and effect of the contracts. To the last interrogatory, "If you find that C. J. McGrath was at any time insane, did he have lucid intervals?" the jury answered "Yes."

After the advisory verdict of the jury was received the court heard evidence on matters other than the mental

capacity of McGrath, and when the case had been finally submitted a decree was entered, based upon findings of fact and conclusions of law, wherein it was adjudged that the contracts had been duly and timely rescinded and that the same were void and unenforceable, and that respondent as administratrix of the estate of C. J. McGrath, deceased, was entitled to judgment against appellant for a recovery of the sums paid under the contracts, together with interest and costs.

Upon appeal to this court the specifications of error of appellant may be grouped and considered as follows:

1. That the evidence is insufficient to justify the advisory verdict and the findings of the court upon the question of the sanity of C. J. McGrath;

2. That the trial court erred in finding that Marie McGrath was the duly and regularly appointed guardian of the estate of C. J. McGrath, an insane person, for the reason that the evidence shows a failure to give notice to McGrath of the hearing of the petition for letters of guardianship, and that he was not present when the purported appointment of guardian was made, thus rendering the probate court without jurisdiction to make the purported appointment;

3. That the trial court erred in ordering the case continued in the name of Marie McGrath, administratrix, for the reason that the case not having been instituted by one having authority in the first instance, it could not be validated by the later order of substitution;

4. That the trial court could not properly render a judgment and decree affecting more than the interest of C. J. McGrath—the evidence establishing clearly that the amounts paid on the contracts belonged to the community of C. J. McGrath and Marie McGrath—for the reason that the suit was one by the purported guardian of McGrath alone;

5. That the trial court erred in finding that the contracts had been duly and timely rescinded, for the reason that the evidence shows that Marie McGrath was guilty of laches and estopped to make the attempted disaffirmance; and

6. That the trial court erred in admitting incompetent opinion evidence on the mental capacity of C. J. McGrath,

and in the admission in evidence of the deposition of Dr. John W. Givens.

[1] While the burden rested upon respondent to prove that at the time C. J. McGrath entered into the contracts in question he was of unsound mind and therefore not competent to make the contracts; there is a conflict in the evidence as to whether or not at the time the contracts were entered into McGrath was sane or insane, or whether at such times he had lucid intervals. [2] The preponderance of the evidence shows that McGrath was insane *at the times he made the contracts,* and although the jury found that he had lucid intervals, in the absence of a finding that during lucid intervals McGrath ratified the contracts, the court's findings in this respect will not be disturbed. We do not deem it necessary to set out in this opinion all of the facts and circumstances testified to by the witnesses called to determine this issue. A reading of the record convinces us that the trial court reached the proper conclusion, based upon its own findings and the advisory verdict of the jury.

[3] The original and only answer of appellant filed to the complaint of Marie McGrath as guardian before the death of C. J. McGrath failed to deny, and therefore admitted, that she was the duly appointed guardian of the estate of C. J. McGrath.

[4, 5] After the death of McGrath, respondent moved that Marie McGrath, administratrix, be substituted as plaintiff, and after an order of substitution had been made and a supplemental complaint filed alleging the appointment of Marie McGrath as administratrix, appellant filed its second amended answer in which it denied the appointment of Marie McGrath as guardian of the estate of C. J. McGrath. Marie McGrath was not then before the court as guardian of the estate of C. J. McGrath, but was before the court in her representative capacity as administratrix. Her guardianship had terminated upon the death of McGrath. (28 C. J. 1096, sec. 114; 32 C. J. 665; *In re Livermore's Estate,* 132 Cal. 99, 84 Am. St. 37, 64 Pac. 113.) The nature of the action was not changed by the substitution, and since the capacity of Marie McGrath to sue as guardian of the estate

of C. J. McGrath was not raised by demurrer or answer during his lifetime, and not being jurisdictional, the objection, if tenable, came too late.

In *Whitley v. Spokane etc. Ry. Co.,* 23 Ida. 642, 662, 132 Pac. 121, the following language was used in the course of the opinion:

"We have heretofore held, however, and we think correctly so, that although a foreign administrator has no authority to sue outside of the state where he receives his appointment, still the objection goes rather to his capacity to sue or maintain an action than to the sufficiency of the cause of action or the jurisdiction of the court, and that such question must be properly and timely raised by demurrer in the trial court."

In *Anthes v. Anthes,* 21 Ida. 305, 312, 121 Pac. 553, it was held that,

"The failure of the appellant to raise the issue of respondent's capacity to sue, either by demurrer or answer was a waiver of that objection, and it cannot now be raised for the first time on appeal."

In *Trask v. Boise King Placers Co.,* 26 Ida. 290, 299, 142 Pac. 1073, it was said:

"It has been held by this court as well as by other courts that if there is a defect or misjoinder of parties, or lack of capacity to sue, that such question should be raised by demurrer, and if not so raised it is a waiver."

Also, in *Thelen v. Thelen,* 32 Ida. 755, 188 Pac. 40:

"The objection that the plaintiff is without legal capacity to sue must be taken by special demurrer or answer, or it is deemed to have been waived."

See, also, *Rosenbloom v. Southern Pac. Co.,* 59 Cal. App. 102, 210 Pac. 53; *Crittenden v. Superior Court,* 166 Cal. 340, 136 Pac. 287.

[6] An amendment or substitution of a competent party introduces no new cause of action, but relates back to the commencement of the suit. [7] Where a complete determination of a controversy cannot be had without the presence of other necessary parties to the controversy the court may order them brought in. (C. S., sec. 6726.)

[8]   The provisions of the code in this respect have always been liberally construed, and no error can be predicated upon allowing such an amendment. (*Lilly v. Tobbein*, 103 Mo. 477, 23 Am. St. 887, 15 S. W. 618; *United States Ins. Co. v. Ludwig*, 108 Ill. 514; *Person v. Fidelity & Casualty Co.*, 92 Fed. 965, 35 C. C. A. 117; *Goldwyn Pictures' Corp. v. Howells Sales Co.*, 292 Fed. 458; *Gould v. Suburban Gas & Electric Light Co.*, 243 Fed. 930; *Hodges v. Kimball*, 91 Fed. 845, 34 C. C. A. 103.)   There is also authority to the effect that where the court has unguardedly permitted a person to prosecute an action who has not given satisfactory evidence of his right to do so, it possesses the means of preventing any mischief from the inadvertence, and would undoubtedly employ those means if necessary. (*Wilson v. Codman's Exr.* (U. S.), 3 Cranch, 193, 1 Curt. 556, 2 L. ed. 408.)

There is no merit, therefore, in appellant's assignments of error numbered 2 and 3.

[9]   It is contended that since the evidence established the fact that the money paid to appellant upon the contracts was money of the community, no recovery could be had by respondent in her representative capacity for an amount in excess of the interest of C. J. McGrath, particularly in view of the fact that Marie McGrath, one of the community, was not made a party plaintiff to the action.   With this contention we are not in accord.   The money paid upon the contracts, being admitted to be community funds, was personal property over which the husband had full control. (C. S., sec. 4666.)   This action is one brought by respondent in her representative capacity for the purpose of acquiring in such capacity the estate of her deceased husband, which estate, when reduced to her possession, would be subject to distribution as provided by law.

[10]   Coming now to assignment of error numbered 5, that the court erred in holding the contracts had been duly and timely rescinded, etc., we are unable to find this question discussed, or authorities cited in support of the contention, anywhere in appellant's brief.   Such assignment will

not, therefore, be considered. (*Nelson v. Johnson*, 41 Ida. 703, 243 Pac. 649; *State v. Brockman*, 39 Ida. 468, 228 Pac. 250.) It may be said that this case was submitted on briefs and there was of course no oral argument touching this assignment.

[11] Upon the contention that the trial court erred in admitting "incompetent" opinion evidence on the mental capacity of C. J. McGrath, we are of the opinion that such evidence as was admitted under the head of opinion evidence was not incompetent. Sanity may be determined by expert as well as nonexpert testimony, which was the character of the testimony admitted upon this phase of the cause.

[12] Complaint is also made of the admission in evidence of the deposition of Dr. John W. Givens which was received by the court in the absence of the jury and after the witness had been called and examined and cross-examined touching the sanity of McGrath. While it may be conceded, without so deciding, that the deposition should not have been received, its reception worked no prejudicial injury to appellant, in our opinion.

Judgment affirmed. Costs to respondent.

Wm. E. Lee, C. J., and Taylor, J., concur.

Petition for rehearing denied.