[Civ. No. 16220.   Second Dist., Div. Three.   Nov. 3, 1948.]

EDITH W. DANZIGER, Plaintiff, v. BYRON PEEBLER et al., Respondents; STANLEY S. STONAKER et al., Interveners; EDITH W. DANZIGER et al., Appellants.

H. A. Andrews for Appellants.

Roland Maxwell and Paul H. Marston for Respondents.

SHINN, P. J.—The judgment from which the instant appeal is prosecuted declares that certain roads extending across the property of defendants and cross-complainants, Byron and Edith M. Peebler, are not public roads and that the defendants own a small office building located on their land.

For the purposes of our decision the following statement of facts will suffice. Edith W. Danziger owns a small parcel of land which she operates as a cemetery. Defendants Peebler own adjoining property, also operated as a cemetery. Certain roadways extend from a public road through the Peebler prop-

erty to that of Danziger. The present action was brought by Danziger for a declaration that these are public roads, for injunction restraining defendants from interfering with public use of the same and restraining defendants from entering or occupying a certain office building located upon the property of defendants to which Danziger asserts title. H. C. Fickeisen, as trustee, filed a complaint in intervention alleging himself to be the trustee in bankruptcy of Graceland, a corporation; that the corporation in 1924 dedicated the roads in question as public roads, and that he "is the successor to said Graceland, a corporation, in the ownership and possession of the real property described in paragraph III of the complaint herein" (the Peebler property). Certain other persons joined with Fickeisen in the complaint in intervention, also asserting the public nature of the roads. The prayer of the complaint in intervention was that the roads be declared to be public roads and for an injunction restraining defendants from interfering with their use as such. The Peeblers filed a cross-complaint against plaintiff and the interveners, alleging that the roads in question were not public roads and denying the rights of the cross-defendants to use the same, and also denying the claim of the plaintiff, Danziger, of ownership of the office building. They prevailed upon their cross-complaint, not only upon the evidence of their ownership, but also upon the ground that the same issues had been decided in their favor in former litigation. The present is the latest, and it may be hoped the last, of a series of actions of the same breed that have plagued the courts for a number of years. A comprehensive history of the litigation between the parties over the same subject matter will be found in *Peebler* v. *Olds,* 71 Cal. App.2d 382 [162 P.2d 953]. It is of interest here only as it throws light upon the motives of the appellants in the prosecution of the present litigation and as it points out the spurious nature of the bankruptcy proceedings of Graceland, and the unfounded nature of the claims of Danziger to any interest in the property of the Peeblers.

Danziger and Fickeisen appeal from the judgment and present only the judgment roll. Only one of the other interveners appeals, he has filed no brief, and it does not appear that he is aggrieved by the judgment. Two points are raised on the appeal, (1) that the action was not one in which it was proper to allow the Peeblers to file a cross-complaint asserting their ownership of the land and the private character of the roads thereon, and (2) that judgment was improperly ren-

dered against Fickeisen, as trustee, for the alleged reason that he had not been authorized by the court in which the bankruptcy proceeding was pending to either intervene in or defend the action.

The first point is stated without supporting argument or authority and has no semblance of merit. The very facts put in issue by the complaint and answer were the basis of the cross-complaint, namely, whether the roads had been dedicated as public roads as alleged by plaintiff, or were private roads, as asserted in the cross-complaint. The same is true as to the conflicting claims to the office building. Claims of a defendant to property "to which the action relates" are properly set up by cross-complaint. (Code Civ. Proc., § 442.)

In the consideration of appellants' second point, certain long-established and elementary principles, presumably known to all practitioners of the law, present themselves. (1) It is incumbent upon an appellant to show error at the trial, and that his rights were substantially prejudiced thereby. If the point was to be raised on appeal it was the duty of appellants to present to this court a record showing that Fickeisen had not been given special permission to sue or be sued, and not the duty of the defendants and cross-complainants to show that he had received permission. Since the judgment roll is silent on the point, the mere assertion in the brief of appellants that no permission had been given will be disregarded as unsupported by the record. (2) Want of capacity to sue does not go to the jurisdiction of the court (*Rosenbloom* v. *Southern Pac. Co.*, 59 Cal.App. 102 [210 P. 53]; *Crittenden* v. *Superior Court,* 166 Cal. 340 [136 P. 287]; *Work* v. *Campbell,* 164 Cal. 343 [128 P. 943, 43 L.R.A. N.S. 581]; *Agricultural Extension Club* v. *M. Hirsch & Son,* 39 Cal.App. 433 [179 P. 430]), and cannot be raised for the first time on appeal. It may be raised by demurrer if incapacity affirmatively appears, otherwise by answer, and if not raised will be deemed to have been waived. (Code Civ. Proc., §§ 430, 433, 434.) It does not appear that objection was made by respondents at the trial as to Fickeisen's not having been given permission in the bankruptcy proceeding to file his complaint in intervention. If the point had been raised by respondents and had been decided against them, the ruling would have been in Fickeisen's favor and he could not be heard to object to it on appeal. Having invoked the jurisdiction of the court and submitted his case for decision he may not be heard to say here that the court had no authority to

adjudicate as to his claims on the ground, even if it were the fact, that he filed his complaint in intervention without special permission of the court in bankruptcy. (See *Mays* v. *Fritton,* 20 Wall. 414 [22 L.Ed. 389] ; *Fischer* v. *Pauline Oil & Gas Co.,* 309 U.S. 294 [60 S.Ct. 535, 84 L.Ed. 764, 769].) ■ (3) The law is the same with respect to capacity to be sued. A defendant will not be heard to say on appeal that he had no capacity to be sued where he failed to make the objection at the trial. (See cases cited from many jurisdictions: 24 C.J. p. 909, n. 76 ; 4 C.J.S. p. 515, n. 63.) Appellants answered the cross-complaint and engaged in the trial without raising the objection that it was necessary for cross-complainants to obtain permission of the court in bankruptcy to bring in Fickeisen, as trustee, as a party defendant to the cross-complaint. Respondents say no objection was made at the trial. Appellants' reply reads as follows: ''Respondent contends that the demurrer to the cross-complaint raises the question as to the right of cross-complainant to sue, and the writer is informed that the point was raised in the court below before findings and judgment. The question of jurisdiction can be raised at any time, even after final judgment.'' It is true that the demurrer to the cross-complaint specified ''that the cross-complainants do not have any legal capacity to sue.'' Even if we substitute the word ''appellants'' for ''respondent'' in the sentence quoted from the brief, the statement is irrelevant; the question of the cross-complainants' capacity to sue is entirely foreign to the question of Fickeisen's authority to answer the cross-complaint. The statement of counsel that he is informed that the question of Fickeisen's capacity to be sued was raised in the court below will be disregarded, as unsupported by the record. The statement, ''the question of jurisdiction can be raised at any time, even after final judgment,'' is answered by what we have already said. ■ (4) A final answer to the present contention is that a trustee in bankruptcy needs no special permission of the court in bankruptcy to sue for the recovery of assets claimed to belong to the estate in bankruptcy. (8 C.J.S. 1130; 2 Collier on Bankruptcy (14th ed.), 1743.)

The court found that the rights asserted herein by plaintiff had theretofore been finally adjudicated adversely to her in former litigation with defendants, that plaintiff was not acting in good faith in instituting the present action, and that the same is but another step in her plan and program of malicious persecution of the defendants; also, that Grace-

land, a corporation, has no right, title or interest in or to any of the Peebler land and has had no interest therein since November 9, 1926, when it divested itself of title; that none of the cross-defendants has any right, title or interest in or to the land; that the complaint in intervention was filed at the request of plaintiff as a part of a plan of plaintiff, Fickeisen and some of the other interveners to prevent the enjoyment by defendants of their rights in and uses of said land; and that the cross-defendants have, and each of them has, unlawfully and improperly interfered with and prevented the operation of the cemetery on the lands of the cross-complainants.

The opinion of the court in *Peebler* v. *Olds,* 71 Cal.App.2d 382, *supra,* and the record on that appeal, disclose that J. M. Danziger, husband of plaintiff herein, B. C. Olds, an associate of Danziger, and Olive Lawn Cemetery, a corporation, operated by the individuals just named, maliciously prosecuted against the Peeblers numerous actions involving the same property and rights therein that are in issue in the present case; that certain of said individuals caused the filing of a petition in bankruptcy against the Graceland corporation as a part of the general program and purpose to involve the Peeblers in litigation; that none of said parties had any interest in the Peebler property; that the prosecution of said litigation was animated by malice; and that by reason thereof the Peeblers were damaged in the sum of $977, for which judgment was awarded them in the trial court, which judgment was affirmed on appeal as to all defendants other than Edith Danziger. Considering the lack of merit in the present appeal, the findings to which we have alluded, and the history of the litigation prosecuted by the predecessors and associates of plaintiff herein, it appears clear that the present appeal is frivolous and has been prosecuted in bad faith, for the purpose of delay, and to further harass the defendants. This long-continued imposition upon and abuse of process of the courts should not be allowed to pass unnoticed. The appellants' conduct has not been wrongful merely because of lack of merit in the claims which they have asserted, but because such claims have been asserted with improper motives and with full knowledge that they were without merit. The failure of appellants to bring up the evidence is an admission that the issues in the present action were properly determined in the trial court as to the appellants, that the evidence supported the findings that appellant Danziger acted in bad faith in instituting the action, and

that the appellant Fickeisen acted in bad faith in filing the complaint in intervention. ▇ Under section 957, Code of Civil Procedure, and rule 26, Rules on Appeal, penalties may be imposed on offending attorneys or parties where an appeal is frivolous or taken solely for the purpose of delay. Since the object of these provisions is discouragement of like conduct in the future, we take it to be the duty of the court, where the circumstances of the case are aggravated, as they are here, to exercise the power thus conferred. The penalty here should fall upon appellants, Edith W. Danziger and H. C. Fickeisen, and not upon their present counsel, who did not represent them at the trial nor in the matter of taking the appeal.

The judgment is affirmed and Edith W. Danziger and H. C. Fickeisen are jointly assessed the sum of $100 as a penalty, in addition to costs on the appeal.

Wood, J., and Vallée, J., concurred.