[Civ. No. 18051. Second Dist., Div. Three. June 6, 1951.]

BYRON PEEBLER et al., Respondents, v. J. M. DANZIGER et al., Appellants.

A. Brigham Rose for Appellants.

Roland Maxwell and Paul H. Marston for Respondents.

SHINN, P. J.—The present action was instituted by Byron Peebler and Ethel M. Peebler on October 29, 1947, against J. M. Danziger, Edith W. Danziger, his wife, H. C. Fickeisen, A. F. Hutchinson, and Olive Lawn Cemetery, a corporation, to recover damages for the malicious prosecution of one criminal action and certain civil actions and proceedings. The individual defendants answered and the corporation defaulted. In a trial to the court the judgment was in favor of plaintiffs against the four defendants for the sum of $10,722.98 and costs. Edith W. Danziger, H. C. Fickeisen and A. F. Hutchinson appeal from the judgment and attempt to appeal from an order denying their motion for a new trial.

Appellants state their ground of appeal as follows: "The plaintiffs and respondents in all respects failed to establish any of the essential elements requisite to support a cause of action for malicious prosecution." They argue that there was no evidence of malice or lack of probable cause, or that the actions alleged to have been prosecuted with malice were terminated in favor of the plaintiffs, and they claim that the complaint did not allege that the several actions and proceedings were prosecuted without probable cause. The evidence of plaintiffs consisted principally of the court files in several actions: (1) An action (No. 485682) brought against the plaintiffs May 26, 1943, by B. C. Olds, through J. M. Danziger his attorney, for the recovery of damages; (2) an action (No. 498915) brought by H. C. Fickeisen on January 16, 1945, against plaintiffs herein, to quiet title to real property; (3) an action (No. 500524) brought by Fickeisen, as trustee in bankruptcy of Graceland, a corporation, filed March 22, 1945, for an accounting and recovery of money; (4) an

action (No. 508642) filed December 19, 1945, by Edith W. Danziger against plaintiffs herein for a declaration that certain roads over the property of plaintiffs herein were public roads and to establish title to an office building located on said land, in which H. C. Fickeisen, as trustee in bankruptcy of Graceland, a corporation, filed a complaint in intervention in support of the claims of Mrs. Danziger. In this action the Peeblers filed a cross-complaint, naming as cross-defendants Edith W. Danziger, H. C. Fickeisen, individually and as trustee, A. F. Hutchinson and certain others who answered the cross-complaint; (5) certain proceedings in the matter of bankruptcy of Graceland, a corporation, commenced May 26, 1943, by Fickeisen as trustee, and (6) a criminal prosecution of Byron Peebler in December, 1945, charging malicious damage to real property, on complaint of J. M. Danziger. Altogether, 11 files of actions in the Superior Court of Los Angeles County were placed in evidence by plaintiffs by reference. These files, other than those in the six actions and proceedings specifically mentioned, which form the basis for the present action, serve no purpose other than to illustrate the history of the controversies and the litigation between the parties, the association of defendants herein in such litigation, and the determinations that had been made with respect to the conflicting claims asserted by the parties.

The argument of appellants with respect to the claim of insufficiency of the evidence to justify the findings herein consists of little more than the assertion that the evidence of plaintiffs failed to show any concerted plan of the defendants to institute or prosecute litigation against the respondents through malicious motives and without probable cause. It is claimed there was no direct evidence of a conspiracy among the defendants or of malice upon the part of the appellants. The circumstantial evidence is dealt with lightly, as if it were of no consequence.

The controversies which have given rise to extended litigation between the various parties are the outgrowth of the ownership by plaintiffs of a 5-acre cemetery known as Olive Lawn Memorial Park, and the ownership by Edith W. Danziger of some adjoining property also operated as a cemetery, and sometimes known as Olive Lawn Cemetery. The historical background prior to June, 1943, is set forth in the opinion of the court in *Peebler* v. *Olds,* 71 Cal.App.2d 382 [162 P.2d 953], to which we refer as complementary of our opinion in the instant case.

On June 16, 1943, the Peeblers (in action No. 457361) sued B. C. Olds, H. A. Andrews, J. M. Danziger, and Olive Lawn Cemetery, a corporation, accusing them of a conspiracy to institute and prosecute unfounded litigation instituted in bad faith to deprive the Peeblers of their property rights and to harass and annoy them by means of such litigation and otherwise. They prevailed, except as to H. A. Andrews, and were awarded damages for malicious prosecution in the sum of $977 and costs. The findings of malice and want of probable cause and the judgment were upheld in 71 Cal.App.2d 382, except as to Edith W. Danziger. As to Mrs. Danziger, the court said (p. 388): "However, although her boldness and promptness in taking up the campaign of harassing respondents after the injunction had defeated the unlawful acts of Messrs. Danziger and Olds are suspicious circumstances when taken in connection with the fact that her husband was the chief actor in the events that harassed respondents, yet no substantial evidence of her actual participation in the conspiracy prior to or at the time of instituting the actions has been designated and we find none. Therefore, the award of damages against her must be reversed." The actions referred to by the court were filed on or prior to September 11, 1942, and the effect of the judgment of the District Court of Appeal was that it had not been shown that at that time Mrs. Danziger had joined with the other defendants in their litigation. Action No. 485682, of Olds against the Peeblers had been filed May 26, 1943, to recover damages in connection with the acquisition by the Peeblers of their cemetery property in which Olds had formerly had a partnership interest. This action was terminated in May, 1946, by judgment in favor of the Peeblers. We have already mentioned the actions and proceedings which were instituted later.

J. M. Danziger has not appealed. It is not contended that his motives have changed for the better since the court found in action No. 457361 that the litigation prior to that time had been inspired by him with malicious motives. This was an important fact for the trial court to consider in inquiring into the culpability of his associates.

In 1926 Graceland owned the 5-acre cemetery property now owned and operated by the Peeblers. It was conveyed in that year by Graceland to Wake Development Company, and by the latter to B. C. Olds, J. M. Danziger signing both deeds as president of the corporations. Olds conveyed to a partnership of himself and the Peeblers, conducted under the name of

Olive Lawn Memorial Park, and the Peeblers eventually acquired all interest in the partnership. Graceland was put into bankruptcy by Danziger in 1943 and the 5-acre cemetery property was listed as its sole asset. From that time on the Danzigers were disputing the title of the Peeblers, their right to possession, were interfering with the Peeblers' possession and making numerous other claims. J. M. Danziger was usually acting as attorney for the various claimants.

Fickeisen is the son-in-law of Mr. and Mrs. Danziger and apparently has had no personal interest in the litigation. As trustee in bankruptcy of Graceland he obtained an order authorizing him to institute an action on behalf of the bankrupt to quiet title to the cemetery property of the Peeblers. In his action No. 498915, he alleged the bankrupt to be the owner of the property. On September 30, 1948, prior to the judgment in the present action it was determined by a judgment in No. 498915 that the Peeblers owned the property and that neither Danziger, Mrs. Danziger, Graceland, nor Fickeisen as trustee, had any interest therein.

In case No. 500524, which Fickeisen filed March 22, 1945, against the Peeblers for an accounting and the sum of $105,000, a demurrer to the second amended complaint was sustained without leave to amend and judgment was entered for the Peeblers. Danziger was Fickeisen's attorney in this action.

On March 31, 1944, in case No. 486114, which had been instituted by the Peeblers against the Danzigers, Olds, H. A. Andrews and Olive Lawn Cemetery, for an injunction and damages, judgment was entered restraining the defendants from going onto the Peebler property and allowing Olive Lawn Cemetery to remove an office building on the Peebler property within 30 days after the entry of said judgment, and providing that Edith W. Danziger and the corporation were permanently enjoined from using the building if they failed to remove it. That judgment became final in December, 1945. In that month Peebler forcibly entered the office building and Danziger caused his arrest on a criminal complaint. This action was dismissed. Although the office building was not removed, Edith Danziger filed suit December 19, 1945 (No. 508642), asserting ownership of the office building and, as above mentioned, claiming a public road existed leading to her property over the property of the Peeblers. Judgment in that action in favor of the Peeblers was affirmed in 88 Cal. App.2d 307.

In case No. 474799, which the Peeblers had instituted in

March, 1942, Danziger, Olds and H. A. Andrews were enjoined from going upon the Peebler property. Both Danziger and Olds were found guilty of contempt in entering upon the property.

█ The evidence and reasonable inferences support the findings of want of probable cause and malice in the litigation which Fickeisen instituted and in which he participated. The bankruptcy proceeding in which he acted as trustee was fraudulent, and he asserted title to the Peebler property on behalf of Graceland, although the corporation had divested itself of title in 1926.

Action No. 500524, in which Fickeisen sought to recover for Graceland $105,000, was based upon a letter from J. M. Danziger, president of Graceland, to B. C. Olds, dated March 20, 1929. The claim was obviously a stale one which was not asserted in good faith.

In action 508642, which was brought by Mrs. Danziger to establish the public character of roads through the Peebler property, Fickeisen filed a complaint in intervention asserting ownership and right of possession in the Peebler property as trustee of Graceland. The court found that the filing of the complaint in intervention was a part of a plan and design of Fickeisen and Mrs. Danziger to prevent the enjoyment by the Peeblers of their rights of ownership of the cemetery property. The circumstances were such as to justify the trial court in believing that Fickeisen was acting in concert with the Danzigers to harass and annoy the Peeblers. The least that can be said is that Fickeisen was called upon to justify his conduct. He did not appear as a witness at the trial and the circumstances tending to implicate him in the conspiracy were unexplained.

█ The evidence also supports the findings against Mrs. Danziger. When she filed her action No. 508642, it had already been determined that the Peeblers were owners of the property and that the defendants herein had no interest in it, but it had not been determined specifically that the cemetery roads were not public roads. This is the only action which Mrs. Danziger instituted, and if it should be considered by itself it would furnish no evidence of want of probable cause for the claims she made, or malicious motives in asserting them. Nevertheless, she was the owner of the adjoining property and was the one whose rights and claims were in conflict with those of the Peeblers in all the litigation. She has cooperated with her husband in allowing him to represent her, and by

assisting his efforts by means of affidavits in support of the unfounded claims he has prosecuted. Mr. Olds was her employee in the management of her cemetery property and the activities in which he engaged. There was ample reason for an inference that she was conversant with and approved of what her husband and Olds were doing when they violated the injunction and expected to profit by their efforts and those of Fickeisen. In view of the previous judgments she could not have been unaware of her husband's motives and the lack of merit in the litigation he instituted. With such knowledge, aiding and abetting his efforts rendered her equally responsible. Mrs. Danziger did not appear at the trial to explain or justify her conduct.

Our views are different with respect to the responsibility of defendant Hutchinson. He was an employee of Mrs. Danziger. He cared for her property, mowed lawns, dug graves and attended to interments. His compensation came from collections made by him for funeral services. Whatever he did was done on behalf of Mrs. Danziger, as an employee, and with no advantage to himself. He sued no one and was not shown to have had any motive to sue or to cause others to bring suit. He was occasionally a witness as to occurrences in the work that he did and his observations of the actions of others. In action No. 508642, it was found that he, and other owners of burial plots who were named as cross-defendants in the Peeblers' cross-complaint, had unlawfully interfered with the Peeblers in the use of their property, but no wrongful acts were specified and he was not accused or found guilty of any malicious action. Moreover, the court found that as the owner of a burial plot he would have the right to use the questioned roads on the Peebler property. From all that has been pointed out by respondents, and from what else we have gleaned from the record, it appears that Hutchinson was a workman who minded his own business, endeavored to remain on friendly terms with the Peeblers, and was drawn into the vortex of other people's litigation as a victim of circumstances. We find no evidence that this defendant had anything whatsoever to do with any of the litigation except as a witness, and a fair witness at that. It is claimed by plaintiffs that certain denials in Hutchinson's answer made on information and belief were insufficient. The point does not appear to have been raised at the trial and was therefore waived. (2 Cal.Jur., § 73, p. 246.)

We are of the opinion that the complaint sufficiently al-

leged want of probable cause for the litigation instigated by defendants Danziger and Fickeisen.

The judgment is affirmed as to Edith W. Danziger and H. C. Fickeisen, and reversed as to defendant Hutchinson. The attempted appeal from the order denying defendants' motion for a new trial is dismissed.

Wood (Parker), J., and Vallée, J., concurred.

Appellant's (Edith W. Danziger) and respondents' petitions for a hearing by the Supreme Court were denied July 26, 1951.